[No. 10,538.—In Bank.]

## PEOPLE *v.* J. B. TISDALE.

REPEAL OF STATUTE — AMENDMENT OF STATUTE — CRIMINAL LAW. — An amendment of a statute reducing an offense from a felony to a misdemeanor, and the punishment from a fine not exceeding $1,000 or imprisonment in the State prison not exceeding two years, or by both, to a fine not less than $100 nor more than $1,000, or by imprisonment in the county jail not exceeding two years, or by both, operates as a repeal of the former statute.

ID.— INFORMATION — CRIMINAL LAW. — After the repeal of a statute which required that a person violating it should be proceeded against by indictment, an information cannot be sustained for an offense committed before the repeal.

APPEAL from a judgment in the Superior Court of Colusa County. HATCH, J.

*A. L. Hart*, Attorney-General, for Appellant.

Laws which mitigate the character of punishment of a crime already committed are not *ex post facto*, for they are in favor of the citizen. (Bishop on Stat. Crimes, §§ 185, 174, 166, 168; Story on Const. § 1345; *Strong* v. *State*, 1 Blackf. 193; *Commonw.* v. *Mott*, 1 Pick. 500; *Mullen* v. *People*, 31 Ill. 444.)

The repeal of a law defining an offense is no bar to an indictment for a past offense. (Pol. Code, § 329.) The law now permits offenses to be prosecuted by indictment or information. (Pen. Code, § 682.)

*J. S. Belcher*, for Respondent.

The amendment operated to repeal § 607, as it stood before the amendment. (*Billings* v. *Harvey*, 6 Cal. 383; *Same* v. *Hall*, 7 id. 3; *People* v. *Gill*, id. 357; *Morton* v. *Folger*, 15 id. 284; *Clark* v. *Huber*, 25 id. 596; Const. art. iv, § 24.)

There being no saving clause as to past offenses in the repealing act, the defendant cannot now be tried under the section as it stood before the amendment. Section 329 of the Political Code provides only that the repeal of a law enacting a criminal offense does not constitute a bar to an *indictment* for a past offense. It is a bar to an information.

*Richard Bayne*, and *Jo. Hamilton*, also for Respondent.

If an old law is re-enacted, with slight variations, it is a repeal. (Sedg. Const. & Stat. Law, 101.) As to effect of a repeal, see *Hartung* v. *People*, 22 N. Y. 99. As to what changes in procedure amount to *ex post facto*, see Wade Retroactive Laws, § 285.

SHARPSTEIN, J. :

On the 6th day of May, 1880, an information for felony was presented and filed in the Superior Court of Colusa County, by which the defendants are charged with having, on the 22nd day of December, 1879, cut, broken, and injured a levee and embankment erected by Reclamation District No. 108. The information was demurred to by the defendants on several grounds, and the demurrer was sustained by the Court; and from the judgment this appeal is taken.

The main ground upon which the counsel for the respondents relies, in support of the judgment, is, that the law which made the acts which the defendants are alleged to have committed a felony was repealed before this information was presented. The section (607) of the Penal Code by which the acts specified were made a felony was amended by an act approved April 12th, 1880, in several particulars, the most important of which was, so far as this case is concerned, a reduction of the offense from a felony to a misdemeanor, and of the punishment from a

fine not exceeding $1,000 or imprisonment in the State prison not exceeding two years, or by both, to a fine not less than $100 nor more than $1,000, or by imprisonment in the county jail not exceeding two years, or by both. The punishment prescribed by the original section is not necessarily reduced by the amendment. Under the original section, the Court might impose a lighter fine than it is permitted to under the law as amended. We, however, attach no importance to that circumstance. The amendment in this case is of such a character as to operate under article iv, § 24, as a repeal of the former statute. The defendants are not charged with a violation of the law as it now stands. They are not charged with a misdemeanor under the present, but with a felony under the late, statute. The question whether an information under the statute now in force could be sustained does not arise in this case. The real and only question is, whether an information presented after the repeal of a law, which required that a person who violated it should be preceded against by indictment, can be sustained for an offense committed before the repeal. Were it not for § 329 of the Political Code, we should answer this question in the negative, without hesitation. That section read as follows: "The repeal of. any law creating a criminal offense does not constitute a bar to the indictment and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such indictment and punishment is expressly declared in the repealing act."

Assuming that by the "indictment and punishment of an act" is meant "the indictment and punishment of *a person* who has committed an act in violation of law," we would be compelled, in order to uphold the information filed against the respondents, to further assume that the Legislature also meant that the repeal of any law creating a criminal offense should not constitute a bar to a proceeding by information against a person who had violated such law before it was repealed. As the Political Code which contains the provision referred to went into effect several years before any one could be proceeded against by information for any offense, it will not be claimed that the Legislature which enacted it intended that a person who had violated a law might be proceeded against after its repeal by information.

When that provision was enacted, the statute under which the respondents have been proceeded against did not exist.

The rule for the construction of penal statutes we understand to be as somewhat tersely stated by Bishop, that they " are to reach no further in meaning than their words ; no person can be made subject to them by implication ; and all doubts concerning their interpretation are to preponderate in favor of the accused." (Stat. Crimes, 194.)    It will readily be observed that we cannot bring the case of these respondents within the provision of the Code which it is claimed reverses the common-law rule, in regard to the effect of a repeal of a statute upon offenses committed before its repeal, without interpolating several words into that provision.    The rights of these respondents cannot be taken away by any means that are not strictly legal.    Prior to April 7th, 1880, they could only be proceeded against by indictment, and there is nothing in the statute passed on that day which indicates that the Legislature intended that it should have a retrospective effect.    In the absence of any such indication, we would not be justified in giving such effect to it.    We are aware that a trial may be had upon a pending indictment after a change in some mere matter of procedure has been made by the Legislature.    But no case has been brought to our attention in which it has been held, that a constitutional guaranty, such as existed at the time these respondents are charged with the violation of a statute, could be taken away by any act of the Legislature. Such guaranties rest upon a basis more secure than acts of the Legislature, which relate to the mode of procedure in actions. We do not think that the respondents in this case could be held to answer for the offense with which they are charged, " unless on presentment of a grand jury."

Judgment affirmed.

Ross, J., Myrick, J., and Thornton, J., concurred.