Matthias, J.
 

 A single question of law is presented by this appeal. When the General Assembly repeals statutes under which the levy and collection of a tax is authorized, without including in the repealing act a saving clause continuing rights and liabilities of the state or the taxpayer, arising under the sections re
 
 *149
 
 pealed, are such rights terminated by the repeal, if, at the time of repeal, general saving statutes, preserving such rights and liabilities, are in full force and effect ?
 

 The general saving statutes in effect at the effective date of House Bill No. 398 of the 97th General Assembly were Sections 26 and 26-1, General Code. These sections provide as follows:
 

 “Section 26. "Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.
 

 ‘ ‘ Section 26-1. When a section, an act or part thereof of the statutes of Ohio is repealed, such repeal shall not be construed to affect any rights or liabilities which exist, have accrued or been incurred under and by virtue of such section, act or part thereof, nor shall such repeal affect an action or proceeding for the enforcement of any rights or liabilities existing or arising thereunder; nor shall any person be relieved from punishment for an act committed in violation of such section, act or part thereof; nor shall such repeal affect an indictment or prosecution thereof, and for such purposes, such sections, acts or parts thereof, shall continue in full force and effect notwithstanding such repeal. However, this section shall not be construed to affect the limitation of actions, prosecutions or proceedings imposed by any other statutes of Ohio.”
 

 The rule of construction usually applicable to genera] saving statutes is stated in 2 Sutherland Statu
 
 *150
 
 tory Construction (3 Ed.), 476, Section 4938, as follows :
 

 “A legislature may enact a general saving statute which will save rights and remedies except where a subsequent repealing act indicates that it was not the legislative intention that the rights and remedies should be saved. Although a legislature cannot bind future legislatures and each subsequent legislature can make its laws prevail over any preceding legislature, yet as all legislatures are presumed to act with a knowledge of existing law, it is presumed that they act with reference to any general saving statute. Thus, when a repeal is enacted unaccompanied by a provision saving existing rights which would be affected by its action, it is presumed that the legislature has acted with the intent to afford the protection of the general saving statute. In such cases the repealing act is to be considered as limited in its effect and operation in the same manner and to the same extent as if it contained the customary saving clause.”
 

 The rule is stated in 50 American Jurisprudence, 534, Section 527, as follows:
 

 “Such general saving provisions are declarative of a continuing policy of the state that the repeal of any statute shall not release or extinguish any liability incurred, or affect any right accrued or claim arising, before the repeal takes effect, unless the repealing act expressly otherwise provides. They operate to make applicable in the designated situations the law as it existed before the repeal, and are upheld as a rule of construction to be applied, where not otherwise provided, as a part of all subsequent repealing statutes.”
 

 The effect of Section 26, General Code, has been considered many times by this court. These cases are collected in notes to 37 Ohio Jurisprudence, 430
 
 et seq.,
 
 Section 180
 
 et seq.
 
 Based on these cases the rule in Ohio is stated by that authority as follows:
 

 
 *151
 
 “This section [Section 26, General Code] is to be read as a saving clause in all statutes which amend or repeal prior legislation, in the absence of an express provision therein * * It operates to make applicable in the designated situations the law as it existed before the amendment or repeal.”
 

 “The General Saving Law announces the general policy of the legislature as to the operation of its statutes. It has been declared to be declaratory of the general policy of the law that statutes are to have a prospective operation unless the purpose to have them act retrospectively is made distinctly manifest.”
 

 However: “The General Saving Law is not applicable where the amending or repealing law clearly manifests a different intention — that is, where there is express provision in the repealing or amending law.”
 
 (Icl.,
 
 433, Section 183.) And “The General Saving Law should receive a liberal construction, to the end that its policy may not be subverted.”
 
 (Id.,
 
 434, Section 184.)
 

 Cases decided by this court in which the general saving clause (Section 26, General Code) was applied to instances where there was a complete termination of authority by a repealing statute containing no special saving clause are
 
 State v. Lawrence,
 
 74 Ohio St., 38, 77 N. E., 266 and
 
 Kelley, Judge,
 
 v.
 
 State, ex rel. Gellner,
 
 94 Ohio St., 331, 114 N. E., 255.
 

 It is, therefore, well settled that where not otherwise specifically provided in a repealing statute the provisions of Section 26, General Code, are to be construed as a part of such repealing statute.
 

 Section 26-1, General Code, has not been previously interpreted by this court. It was enacted by the 97th' General Assembly April 2, 1947 (122 Ohio Laws, 28, 29), as part of Amended Senate Bill No. 25, which bill repealed many-obsolete sections of the General Code,
 
 *152
 
 but provided specifically however for the saving of the rights and liabilities enumerated in Section 26-1, General Code.
 

 The language of Section 26-1, General Code, when compared with Section 26, General Code, in clear and unmistakable language evidences a legislative purpose to protect and continue the “rights or liabilities which exist, have accrued or been incurred under and by virtue of” the repealed section, and whereas the language of Section 26, General Code, protects only “pending actions, prosecutions, or proceedings, civil or criminal,” from the repeal or amendment of the statute, the newer section protects “rights or liabilities.”
 

 The language of Section 26-1, General Code, clearly covers the situation presented in this appeal. The provision therein, that “When a section * * * is repealed,- such repeal shall not be construed to * * * affect an action or proceeding for the enforcement of any rights or liabilities existing or arising thereunder” manifestly saves the proceedings arising from the assessment made by the Tax Commissioner in this case. Hence, authority to make and collect such assessment, as well as the right of the appellant to prosecute this appeal, is saved by the provisions of Section 26-1, General Code.
 

 The decision of the Board of Tax Appeals is, therefore, affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.