Bell, J.
The only question to be decided by this court is whether the plaintiff’s bill of exceptions was filed in the trial court within the time required by the applicable statute of Ohio. The resolution of that question depends upon the effect, if any, of the amendment of Section 2321.05, Revised Code. Defendant states the alternatives in his brief, as follows:
“If the amendment applies and is controlling then it must be conceded that plaintiff’s bill of exceptions was filed in time and the Court of Appeals should have considered same. If the amendment does not apply to appellant’s obligation to file his bill of exceptions, as required before the amendment, then it must be conceded that appellant failed to file his bill of exceptions within forty (40) days from the time that motion for new trial was overruled and the Court of Appeals was correct in refusing to consider the matters set forth in the bill of exceptions. ’ ’
To be considered first in determining this question is Section 1.20, Revised Code, which reads as follows:
“When a statute is repealed or amended, such repeal or amendment does not affect pending actions, prosecutions, or proceedings, civil or criminal. When the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions, or proceedings, unless so expressed, nor does any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act. ’ ’
This court has consistently held that Section 26, General Code, and Section 79, Revised Statutes, predecessors of present Section 1.20, Revised Code, operated as a saving clause as to all statutes which amend or repeal prior legislation, in the absence of express provisions to the contrary in the amending or repealing statutes. Bode, Admx., v. Welch, 29 Ohio St., 19; Lafferty v. Schinn, 38 Ohio St., 46; State, ex rel. Construction Co., v. Rabbitts, 46 Ohio St., 178, 19 N. E., 437; Trustees of Canaan Twp. v. Board of Infirmary Directors, 46 Ohio St., 694, 23 N. E., 492; State, ex rel. Longano, v. Industrial Commission, 135 Ohio St., 165, 20 N. E. (2d), 230.
*180 Judge Matthias, in Summit Beach, Inc., v. Glander, Tax Commr., 153 Ohio St., 147, 91 N. E. (2d), 10, stated the rule in Ohio to be as follows:
“This section [Section 26, General Code] is to be read as a saving clause in all statutes which amend or repeal prior legislation, in the absence of an express provision therein * * *. It operates to make applicable in the designated situations the law as it existed before the amendment or repeal. ’ ’
It is conceded that the amendment of Section 2321.05, Revised Code, contains no express language making it applicable to pending actions and proceedings.
The determinative question in this appeal then becomes: Was it a pending action at the time of the amendment of Section 2321.05, Revised Code?
It is contended by plaintiff that the effect of the former error proceeding, i. e., that such a proceeding was an action separate from the original action and the rights of the parties thereto and therein were to be determined by the law in force at the time the judgment was rendered from which the error proceeding was taken, should be carried over into the Appellate Procedure Act. Plaintiff places great reliance for his position on the decision of this court in Young v. Shallenberger, 53 Ohio St., 291, 41 N. E., 518, which held that “the right, or cause of a proceeding in error, accrues at the time of the rendition of the judgment, or making of the final order. ’ ’
With the decision of the Young case we have no present quarrel. Under the appellate procedure in effect at the time that case was decided, a proceeding in error was considered a new action, instituted by the filing of a petition in error and the issuing of a summons in error. But it is no longer applicable to our appellate procedure. Since that ease, the entire appellate procedure in Ohio has been overhauled, effective January 1, 1936. The effect of this new procedure on the question involved herein was well stated as follows by Judge Williams in State, ex rel. Cleveland Ry. Co., v. Athinson, Admr., 138 Ohio St., 157, 162, 34 N. E. (2d), 233, 235:
“Under the new appellate procedure every appeal in a civil action is the identical case passing into the upper court. There *181 is no new pleading to invoke appellate jurisdiction, no further issuance of process to be served. * * * Such an appeal when taken would constitute a part of the pending proceeding and could not be taken away without a clear and explicit expression to that effect in the amending statute. Implication or inference is insufficient; express provision is absolutely necessary.”
With that statement of Judge Williams, the majority of this court is in accord. ■
Although it is not necessary to the decision in this case, some comment on amended rule VII of the Rules of the Courts of Appeals is not inappropriate. Prior to January 1, 1957, the Rules of the Courts of Appeals of Ohio provided that appellant “shall, within fifty (50) days after filing notice of appeal on law only, file with the clerk his assignment of errors and brief and bill of exceptions. ’ ’ In the past, many an attorney, relying on this rule and ignoring, through inadvertance or inexperience, the provisions of the statute requiring the filing of the bill of exceptions in the trial court at an earlier time, has been embarrassed by having his adversary’s motion to dismiss the bill of exceptions sustained by the Court of Appeals.
This difference in reference to time for filing a bill in the trial court and in the Court of Appeals has been eliminated by the present wording of rule VII, effective January 1, 1957. The rule now makes specific reference to the filing of the bill in the trial court and provides that it shall be filed in the Court of Appeals within ten days after it has been “settled and allowed by the trial judge * * * and filed with the clerk of the trial court.” In the light of the decision herein, an exception to rule VII might well be made to exclude from its operation all cases instituted prior to October 4,1955, the effective date of the amendment of Section 2321.05, Revised Code.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias and Herbert, JJ., concur.
Stewart and Taft, JJ., concur in paragraph one of the syllabus but dissent from paragraph two thereof and from the judgment.