STATE OF MONTANA, Plaintiff and Respondent, *v.* LLOYD CLINE, Defendant and Appellant.

No. 9934.

Submitted January 7, 1959. Decided March 27, 1959.

Rehearing Denied June 10, 1959.

339 Pac. (2d) 657.

John C. Hoyt, Oscar Hendrickson, Great Falls, for appellant.

John C. Hoyt argued orally.

Forrest H. Anderson, Atty. Gen., James A. Robischon, Asst. Atty. Gen., Leonard D. Jungers, County Atty., Ft. Benton, for respondent.

James A. Robischon argued orally.

THE HONORABLE GUY C. DERRY, District Judge, sitting in place of MR. CHIEF JUSTICE HARRISON.

The defendant has appealed from a judgment of the district court of Chouteau County finding him guilty of the crime of driving an automobile while under the influence of intoxicating liquor. The case originated in justice court for Fort Benton township and from his conviction in that court defendant appealed to the district court. In the district court he was again convicted and sentenced to pay a fine.

There was a conflict in the evidence. Testimony offered on behalf of the State shows that defendant was observed driving his car while it was weaving from one side of the road to the other, and at times on the wrong side of the road; that in the operation of his car he forced a semitrailer off the road and into the ditch; that when he was arrested he smelled of liquor

or beer and that he staggered, talked with a "thick tongue" and appeared to be under the influence of intoxicating liquor; that a few hours before his arrest, he had been served at one bar with three or four short bottles and one can of beer, and when he left he took two six packs of Blatz beer with him from the bar; that upon his arrest a six pack of Highlander beer and several empty beer cans were removed from the car; that with the consent of the defendant a urine test was taken, which was later shown by chemical analysis to contain 0.23 percent of alcohol, which, with certain factors claimed to be present, was shown to be sufficient to indicate intoxication.

Such evidence was sufficient to place before the jury the question of whether the defendant is guilty of the crime charged. The defendant does not contest the sufficiency of the evidence, if admissible, to sustain the conviction, but does maintain that certain prejudicial evidence was improperly admitted over his objection. He also contends that the statute under which he was convicted had been repealed by a subsequent act of the Legislature, and that by virtue of such repeal there was at the time of trial, no longer any law in effect under which he could be charged or convicted.

The original complaint against the defendant was filed April 24, 1957, in Justice Court. The offense was alleged to have been committed the same day. On his appeal to the district court from his conviction in Justice Court, he was convicted of violating the provisions of section 39, of Article IV, Chapter 263, Laws of Montana for 1955. The district court trial took place on September 23, 1957.

The 1955 Act is a comprehensive statute covering the operation of vehicles upon the public highways of the State of Montana, and regulating traffic. The specific portion of the Act, under which defendant was charged, is Article IV, section 39. This section provides that a person convicted of operating an automobile, while under the influence of intoxicating liquor, may be punished for the first offense by a fine of not less than

$50, nor more than $500, or by imprisonment for not more than six months or both such fine and imprisonment.

By the Court's Instruction No. 2, the jury was instructed that the defendant was charged with violating the provisions of section 39, Chapter 263 of the Laws of Montana for 1955, and they were advised of the punishment that could be given under that Act.

In the 1957 Session of the Legislature, there was enacted Chapter 194, which amended section 39 of Chapter 263 of the Laws of 1955. The amended Act went into effect July 1, 1957. By the amendment the definition of the crime remained the same but the penalty was increased to provide a minimum fine of one hundred dollars. The amended Act also provides for the use of evidence obtained by the analysis of the blood of a person charged and provides a presumption arising from alcoholic content of the blood.

In the 1957 Session, the Legislature also enacted Chapter 201, which is entitled "An Act to Provide for Concurrent Jurisdiction of Municipalities Over Violations Occurring Within the Limits of Municipalities of Sections 39 and 40 of the Uniform Act Regulating Traffic on Highways, Chapter 263 of the 1955 Session Laws of the State of Montana; etc." The primary purpose of this act is self-evident. It gives the cities concurrent jurisdiction with the State over traffic violations occurring within the city limits. This Act became effective March 9, 1957. It provides for a minimum fine of $50 for a violation of the statute. It thus appears that during the 1957 Session, the Legislature enacted two separate statutes, each providing a different minimum fine for the same offense. While the effective dates are different, both are shown to have been approved by the governor March 9, 1957.

Whatever may be the effect of these statutes, the defendant ▇ was tried and convicted under the 1955 Act. In view of the amendment taking effect March 9, 1957, it would appear that Chapter 201 of the 1957 Session Laws was the applicable statute at the time of the conviction of the offense here com-

plained of. Assuming this to be true, defendant has not been prejudiced because the crime charged is identical. The statute under which he was charged has the lower penalty. Further than that, by statute and interpretation of such statute, the effect of the amendment, as here made, is not to repeal the former law. The applicable statute reads as follows:

"Where a section or a part of a statute is amended, it is not to be considered as having been repealed and re-enacted in the amended form, but the portions which are not altered are to be considered as having been the law from the time when they were enacted, and the new provisions are to be considered as having been enacted at the time of the amendment." R.C.M. 1947, section 43-510.

Under the above-cited statute, our court has held that where ■ a statute or section is amended by merely adding to or taking therefrom, the portion carried forward in the new act is not a new act, but has been the law since the beginning. State ex rel. State Board of Equalization v. Jacobson, 107 Mont. 461, 464, 86 Pac. (2d) 9; Blackford v. Judith Basin County, 109 Mont. 578, 587, 98 Pac. (2d) 872, 126 A.L.R. 639; Snidow v. Montana Home for the Aged, 88 Mont. 337, 292 Pac. 722.

In construing penal statutes we are governed by section 94-101, R.C.M. 1947, which provides:

"The rule of the common law, that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its object and to promote justice."

We think section 94-102 also shows legislative intent to nega- ■ tive the implied repeal contended for by the appellant. "The provisions of this code, so far as they are the same as existing statutes, must be construed as continuations thereof, and not as new enactments." Section 94-102, supra.

Defendant urges and cites authority for his contention, that ■ by making the last-cited amendments the original law was repealed and between the time of such repeal and the effective date of the new law created by the amendment, there

was no law in effect under which defendant could be tried. This position represents a statement of the common-law rule, which prevailed for many years, to the effect that the repeal of a criminal statute, without a saving clause, operated to terminate all pending prosecutions. See generally 50 Am. Jur., Statutes, section 573, page 571; 22 C.J.S. Criminal Law, section 27, pages 79, 81; Sekt v. Justice's Court, 26 Cal. (2d) 297, 159 Pac. (2d) 17, 167 A.L.R. 833. This common-law rule is based on the theory that the Legislature, by repealing a statute making certain acts a crime, does not desire anyone to be punished for an act which they have declared by such repeal is not a crime.

In support of the above rule the leading case, decided in 1910 by the Supreme Court of Oregon, is State v. Smith, 56 Or. 21, 107 Pac. 980. There have been statements made by this court in State ex rel. Paige v. District Court, 54 Mont. 332, 169 Pac. 1180, and in State v. Holt, 121 Mont. 459, 194 Pac. (2d) 651, which would appear on casual examination to adopt the rule stated in the Smith case. On closer examination, however, it will be seen that these cases provide well-established exceptions to the rule announced in the Smith case. In the Paige case, supra, the court called attention to the fact that the repealing statute radically changed the substantive elements of the offense.

The basis for the rule is the presumed legislative intent. In this case to apply the rule as contended for by defendant, we must hold that the Legislature, by amending the law in effect at the time the offense herein involved was committed, intended to pardon and forgive the offense committed before the amendment. In view of our disposition of the case, it is not necessary to decide any point other than whether the applicable portion of the 1955 Act is still in force.

In addition to the statutes above-quoted and the Montana cases construing them, the fact that the 1955 law is still in effect is established by recent and well-reasoned cases. Bearing in mind there was no change in the definition of the crime,

nor any additional elements required to prove the crime, the sole effect of the amendment of the statute was to increase the punishment for the crime. There is substantial authority, which is contrary to the common-law rule announced in the Smith case, supra, holding that where the effect of the amendment of a statute is only to increase the prescribed punishment, the unchanged portion of the amended statute remains in effect. The leading case and the one most quoted is that of Sekt v. Justice's Court, 26 Cal. (2d) 297, 159 Pac. (2d) 17, 167 A.L.R. 833, certiorari denied 1945, 326 U. S. 756, 66 S. Ct. 96, 90 L. Ed. 454. In a well-reasoned opinion based on a comparable situation, the court in the Sekt case, supra, held that where the later statute increased the punishment, the Legislature has clearly demonstrated its intent that the act should be punished, and that since the offender cannot be punished under the new law because of the ex post facto provision of the constitution, he will be held under the old law. The court held that the Legislature, by increasing the penalty, has clearly indicated that it intended that particular offense be punished and not pardoned or forgiven. Cases from many jurisdictions, including the Supreme Court of the United States, are cited in support of this position. For a full discussion on the entire subject see annotation in 167 A.L.R. 845, 867.

We subscribe to the rule laid down in the Sekt case and anything that is said in State ex rel, Paige v. District Court, supra, and State v. Holt, supra, which might indicate a contrary position, is expressly overruled.

Defendant complains of the admission of the testimony of ▆▆▆ the chemist who made the analysis of the defendant's urine, taken at the time of his arrest. The test was made with the consent of the defendant. The substance of the testimony of the witness was that the chemical analysis showed the presence of a certain amount of alcohol in the urine. He also testified that he did not know whether defendant had any alcohol in his blood, but that certain factors being present, the presence of alcohol in the urine would indicate the amount of alcohol in

379

the blood. Defendant urges that there is no law authorizing the use of the urine test to determine the degree of intoxication and that the only law on this point is found in connection with blood tests provided for by Chapter 194 of the Session Laws of 1957. Suffice it to say that in this case, the jury was not instructed that the urine test could be considered by them to establish the degree of intoxication. The witness qualified as an expert and gave as his expert opinion that, based on the alcoholic content of the urine, and with certain factors shown to be present, the blood alcohol content should be such as to indicate intoxication. Based on this and contradictory testimony offered by defendant, the jury, under the court's instructions, could believe or reject this testimony. In any event, the witness qualified to give such expert testimony and it was admissible as such.

The weight to be given to this expert testimony was a proper subject for the jury's consideration. State v. Mah Sam Hing, 89 Mont. 178, 183, 295 Pac. 1014; State v. Souhrada, 122 Mont. 377, 384, 204 Pac. (2d) 792; State v. Bosch, 125 Mont. 566, 570, 242 Pac. (2d) 477.

Defendant has assigned error in the giving of an instruction by the court relating to the definition of the expresison, "under the influence of intoxicating liquor." The court's instruction No. 4, on this point, was as follows:

"You are instructed that the expression 'under the influence of intoxicating liquor' covers not only all the well-known and easily recognized conditions and degrees of intoxication but any abnormal mental or physical condition which is the result of indulging into any degree of intoxicating liquors and which tends to deprive him of that clearness of intellect and control of himself which he would otherwise possess. If the ability of the driver of an automobile has been lessened in the slightest degree by the use of intoxicating liquors, then the driver is deemed to be under the influence of intoxicating liquor. The mere fact that a driver has taken a drink does not place him under the ban of the statute unless such drink has some in-

fluence upon him, lessening in some degree his ability to handle said automobile.''

This identical instruction was given in an Arizona case, Steffani v. State, 45 Ariz. 210, 42 Pac. (2d) 615, 618. The court there made the observation that the Legislature of the State placed no limitation on the extent of the influence of intoxicating liquor required to come under the statute, and held that they could not add to the language of the statute. We believe that the instruction, taken as a whole, correctly states the law in Montana as applicable to a case of this kind.

The remaining specification of error concerns the testimony given by a deputy sheriff that he had not made service of a subpoena on a certain person. No objection was made to this particular question during the trial. From the statement of defendant's counsel it would appear that during the argument to the jury, the county attorney stated that the driver of the truck that was forced off the road by the defendant was the person sought to be served. The record does not show any preparation, settlement or allowance of a bill of exceptions as to what was said nor does the record show any objection made to the same. The error, if one was made, does not appear in the bill of exceptions. The defendant is not in a position to take advantage of this alleged error. See State v. Ruona, 133 Mont. 243, 1958, 321 Pac. (2d) 615.

Under all of the facts presented and the law applicable to such facts, the case was properly presented to the jury and their verdict is final.

The judgment is affirmed.

MR. JUSTICE CASTLES, concurs.

MR. JUSTICE ADAIR:

I concur in the result.

Sections 43-510, 93-401-15, 93-401-16, 94-101 and 94-102, Revised Codes of Montana of 1947, are here controlling. Compare: State ex rel. Esgar v. District Court, 56 Mont. 464, at

pages 471-473, 185 Pac. 157; State v. Bowker, 63 Mont. 1, 205 Pac. 961, 962; Jobb v. County of Meagher, 20 Mont. 424, 433, 51 Pac. 1034, 1037; State v. Schnell, 107 Mont. 579, 584, 88 Pac. (2d) 19, 21, 121 A.L.R. 1082; State of Montana ex rel. State Aeronautics Commission v. Board of Examiners of State of Montana, 121 Mont. 402, 194 Pac. (2d) 633; State v. Gussenhoven, 116 Mont. 350, 152 Pac. (2d) 876, and State v. Nance, 120 Mont. 152, 184 Pac. (2d) 554. Also see my dissent in State v. Holt, 121 Mont. 459, at pages 488 to 508, 194 Pac. (2d) 651, at pages 667 to 677.

The statutes and decisions of Montana govern this appeal and not the decisions of the Supreme Courts of Oregon and California such as State v. Smith, 56 Or. 21, 107 Pac. 980, and Sekt v. Justice's Court, 26 Cal. (2d) 297, 159 Pac. (2d) 17, 167 A.L.R. 833.

MR. JUSTICE BOTTOMLY:

I concur in the result for the reasons assigned by MR. JUSTICE ADAIR in his above memorandum.