Griffith, J.
The single issue raised by this action is whether relator’s district acquired rights under the provisions of Section 3317.02, Revised Code, which were not removed by the subsequent amendment thereof by the General Assembly.
It is relator’s basic contention that such rights were preserved by Section 1.21, Revised Code, which reads as follows:
“When a section or an act or part thereof of the statutes of this state is repealed, such repeal does not:
“(A) Affect any rights or liabilities which exist, have accrued, or have been incurred by virtue of such section or act or part thereof * #
In commenting on this section in Summit Beach, Inc., v. Glander, Tax Commr., 153 Ohio St., 147, 151, Matthias, J., said:
“It is, therefore, well settled that where not otherwise specifically provided in a repealing statute the provisions of Section 26, General Code [Section 1.20, Revised Code], are to be construed as a part of such repealing statute.
“Section 26-1, General Code [Section 1.21, Revised Code], has not been previously interpreted by this court. It was enacted by the 97th General Assembly April 2, 1947 (122 Ohio Laws, 28, 29), as part of Amended Senate Bill No. 25, which *260 bill repealed many obsolete sections of the General Code, but provided specifically however for the saving of the rights and liabilities enumerated in Section 26-1, General Code.
“The language of Section 26-1, General Code, when compared with Section 26, General Code [Section 1.20, Revised Code], in clear and unmistakable language evidences a legislative purpose to protect and continue the ‘rights or liabilities which exist, have accrued or been incurred under and by virtue of’ the repealed section, and whereas the language of Section 26, General Code, protects only ‘pending actions, prosecutions, or proceedings, civil or criminal,’ from the repeal or amendment of the statute, the newer section protects ‘ rights or liabilities.’ ”
The question, of course, is whether rights were created in relator’s district by Section 3317.02, Revised Code, as it existed in 1960, which are protected by Section 1.21, Revised Code.
Respondents urge first that no contract was created by Section 3317.02, Revised Code; that, a school district being a subdivision of the state, the state was privileged to change the method of apportionment; and that there can be no vested right in a public law.
That there is no vested right in an existing statute which will preclude the General Assembly from changing it is beyond question. However, this statement of rule begs the question. Although there is no vested right in a statute in and of itself, where one has acted under a certain statute and has changed his position in reliance thereon, a different question arises. That is whether rights which accrued while such a statute was in force are protected under Section 1.21, Revised Code. It is such rights which Section 1.21, Revised Code, was designed to protect.
Although the repeal of a statute renders it inoperative, the repeal ordinarily does not set aside acts which were consummated or deprive persons of rights which accrued under the statute.
The court in Opinion of the Justices, 89 N. H., 563, said:
“The repeal of a statute renders it thenceforth inoperative, but it does not undo or set aside the consequences of its operation while in force unless such a result is directed by express *261 language or necessary implication. A status established in a manner which becomes proscribed is not lost by the mere fact of the proscription.
“Even, as here, where no question of vested rights is involved, the presumption is that the repeal of an act does not invalidate the accrued results of its operative tenure. To undo such results by a repeal is to give it retroactivity, and based upon elemental principles of justice a rule of construction avoids that effect if the language of the repeal does not clearly require it.”
Most of respondents’ argument is based on the principle that Section 3317.02, Revised Code, did not and could not create a contract by the state with relator, and, therefore, there is no vested right for Section 1.21 to protect. However, respondents are unduly limiting the provisions of Section 1.21. Rights are not necessarily a matter of contract; many rights arise purely as a matter of law resulting from the enactment of a statute. Section 1.21, Revised Code, protects rights which have accrued. It is not necessary that such rights should have arisen as a matter of contract or be vested rights.
Thus we are faced with the questions of whether any rights arose as to relator and whether they are accrued within the meaning of Section 1.21, Revised Code.
To define a “right” is impossible. As the court in Hampton v. North Carolina Pulp Co., 223 N. C., 535, 546, said, “right is an abstract term. It has no satisfactory definition or explanation except in connection with some concrete conception of the thing out of which it grows.”
As stated above, the determination of what is a “right” in a situation such as the instant one must be made with respect to that particular situation or instance out of which it is claimed to have arisen.
To be guaranteed a minimum amount of money would be a substantive right, whether the guarantee is to a political subdivision or to an individual.
Here we have a statute which guaranteed a school district that in the event of a consolidation with another school district there would be a certain minimum payment to the consolidated district for a period of three years. Inasmuch as the statute *262 was in force at the time of the consolidation in the present case, a right accrued to the consolidated district which, if the statute had not been amended, could have beyond question been enforced by a writ of mandamus. There was nothing discretionary about such provision.
Clearly, a substantive right accrued to the consolidated school district, which in the absence of a direct or specific repeal by the amending act fell within the provisions of Section 1.21, Revised Code.
An examination of the amending act shows no such direct repeal, and since there was no specific repeal of accrued rights it must be presumed that the General Assembly enacted such amendment with the provisions of the general saving clause in mind and intended to protect such rights. Sutherland Statutory Construction, Section 4938.
Thus, under the broad general provisions of Section 1.21, Revised Code, which contains no exception of political subdivisions from its operation, and since the school district is a distinct entity even though a political subdivision of the state, it is entitled to the protection of its accrued rights under Section 3317.02, Revised Code.
Respondents have raised a question as to the constitutionality of Section 3317.02, Revised Code, as in effect in 1960. They apparently base their argument on the proposition of law that one session of the General Assembly cannot enter into a contract which will create an obligation binding on the state for a period of more than two years, citing in support thereof the famous case of State v. Medberry, 7 Ohio St., 522. That case related to contracts with private individuals for a period of five years. It is not applicable to the present case. Here we are concerned not with a contract between the state and a private individual, but rather with a statute which provided that, in the event certain subdivisions of the state united, such subdivisions were entitled to a certain minimum apportionment of school funds. The statute did not bind future sessions of the General Assembly to appropriate money but merely provided the method of apportioning school funds as to districts which consolidated when the act was in effect. It created no contract or debt of the state but provided only a method of apportionment of school funds.
*263 To summarize this matter, Section 3317.02, Revised Code, providing minimum payments to school districts which consolidated, created rights in those school districts which consolidated while such section was in effect, and such rights under the provisions of Section 1.21, Revised Code, were not affected by the subsequent amendment of the section.
The rights of the relator having arisen at the time of the consolidation, it is entitled to the benefits of Section 3317.02, Revised Code, as it existed at that time, and the writ of mandamus must issue.

Writ allowed.

Taut, C. J., Zimmerman, Matthias, O’Neill, Herbert and Gibson, JJ., concur.