The STATE OF MONTANA ex rel. LYNN HUFFMAN, Relator, *v.* The DISTRICT COURT of the EIGHTEENTH JUDICIAL DISTRICT of the STATE OF MONTANA in and for the COUNTY OF GALLATIN and the HONORABLE W. W. LESSLEY, presiding judge, Respondents.

No. 11771.
Submitted Nov. 6, 1969.
Decided Nov. 18, 1969.
Rehearing Denied Dec. 4, 1969.
461 P.2d 847.

Sandall, Moses & Cavan, Charles F. Moses, argued, Billings, for relator.

Robert L. Woodahl, Atty. Gen., Joe Gerbase, Asst. Atty. Gen., argued, Helena, McKinley Anderson, County Atty., argued, Bozeman, for respondents.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

Original proceeding seeking supervisory control or other appropriate relief. Relator, Lynn Huffman, charged with the crime of selling narcotics, moved to quash the Information but the district court of Gallatin County, the Honorable W. W. Lessley, district judge, denied the motion. Relator now seeks a writ of supervisory control from this Court to the end that such denial by the district court be set aside and the case be ordered dismissed.

The basic situation giving rise to the issue now before this Court is clear and undisputed. On *April 23, 1969*, the county attorney filed an Information in the district court of Gallatin County charging defendant Lynn Huffman with a felony, specifically selling narcotics. The Information alleged that defendant sold 18.74 grams of marihuana to one Gregory F. Mullally on *January 29, 1969* and was based on the alleged violation of section 54-102, R.C.M.1947, which was part of the Uniform Drug Act (sections 54-101 to 54-128, R.C.M.1947, inclusive).

Between the date the alleged crime was committed and the date the Information was filed, the Montana legislature enacted the Dangerous Drug Act (Sections 54-129 to 54-138, R.C.M.1947, inclusive) which became effective *March 11, 1969*. The Dangerous Drug Act supplanted the Uniform Drug Act and expressly repealed the later in its entirety.

Defendant filed in the district court a motion to quash the Information charging him with this crime on the grounds that the district court had no jurisdiction of the subject matter of the action in that the statute under which defendant was charged (the Uniform Drug Act) had been repealed and that the superseding statute (the Dangerous Drug Act) contained no savings clause. Judge Lessley denied defendant's motion to quash.

Thereupon defendant Lynn Huffman, relator here, filed the instant petition for a writ of supervisory control. An order to show cause was issued, briefs were filed by both parties, and the matter was orally argued before this Court on November 6, 1969. Thereafter relator filed a motion with this Court for permission to file a reply brief with the proposed brief attached. This motion was granted and the reply brief ordered filed.

The sole issue before this Court is whether repeal of the Uniform Drug Act bars criminal prosecutions thereunder filed after its repeal covering crimes committed before its repeal. This is purely a question of legislative intent determinable from examination of the Uniform Drug Act, supra, the Dangerous Drug Act, supra, and the general statutory savings clause (section 43-514, R.C.M.1947).

Relator contends that where, as here, a statute has been repealed without "saving" prior crimes for subsequent prosecution, no prosecution instituted after repeal is possible because the statute covering the crime no longer exists. Relator further argues that Montana's general statutory savings clause has no application to the instant case, it being applicable only to prosecutions already instituted and pending at the time of repeal. As a corollary, relator claims that if such savings clause is interpreted to allow the prosecution here involved, it constitutes ex post facto legislation within constitutional prohibitions.

At the outset, we note that there is no specific savings clause

in the Dangerous Drug Act itself. However, there is a general statutory savings clause in Montana, which provides:

"The repeal of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committted in violation of the law so repealed, unless the intention to bar such indictment or information and punishment is expressly declared in the repealing act." Section 43-514, R.C.M.1947.

Nowhere in the Dangerous Drug Act is any legislative intention to bar such prosecution to be found, much less expressly declared. Where the intention of the legislature can be determined from the plain meaning of the words used, the courts may not go further and apply any other means of interpretation. Dunphy v. Anaconda Co., 151 Mont. 76, 438 P.2d 660 and cases therein cited. Here the plain meaning of the words used unmistakably discloses the intention of the legislature, viz: that repeal of a law creating a crime does not in itself bar subsequent prosecutions; an express declaration in the repealing act that subsequent prosecutions are barred is required.

Additionally, the legislative history of Montana's general savings clause indicates a clear legislative intent that its application be not limited to charges already filed and pending for prosecution on the effective date of the repealed act. The parent of Montana's general savings clause was California Political Code, Section 329. Prior to 1881, Section 329 provided:

"The repeal of any law creating a criminal offense does not constitute a bar to the indictment and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such indictment and punishment is expressly declared in the repealing act."

In 1880 the California Supreme Court held this statute did not apply to criminal prosecutions by information, reasoning that the legislature could not have intended it to so apply as

informations did not exist under California law at the time Section 329 was adopted by the California legislature. People v. Tisdale, 57 Cal. 104. In 1881, because of the *Tisdale* decision, the California legislature amended Section 329 by inserting the words "or information" after the word "indictment", thereby negating *Tisdale* and demonstrating a legislative intent to allow informations to be filed after repeal of statutes creating the crimes in the absence of an express declaration in the repealing act to the contrary.

Thereafter in 1895, the Montana legislature adopted California Political Code Section 329, at the same time repealing Montana Sec. 209, Fifth Division, Compiled Statutes of 1887. This change became Section 296, Montana Political Code of 1895, which has been continued without amendment to this day, being our present section 43-514, R.C.M.1947. Montana's Section 209, prior to repeal, provided in material part:

"No action, plea, prosecution, civil or criminal, pending at the time any statutory provision shall be repealed, shall be affected by such repeal, but the same shall proceed in all respects as if such statutory provisions had not been repealed * * *".

The Montana legislature, by repealing Montana Section 209 and substituting California Section 329 after the amendment negating *Tisdale,* eliminated the language relating only to pending actions. This unmistakably demonstrates that the Montana legislature did not intend to limit the scope of our general statutory savings clause to pending actions.

Accordingly, we hold that Montana's general statutory savings clause contained in section 43-514, R.C.M.1947, preserves for prosecution all criminal offenses committed prior to repeal, absent an express legislative intent to the contrary contained in the repealing act, irrespective of whether charges are filed before or after such repeal.

Although we base our decision herein on express legislative intent of Montana's general statutory savings clause,

the same result would follow at common law in the absence of such statute, notwithstanding relator's contention to the contrary. It is true, as relator contends, that at common law the outright repeal of a criminal statute without a savings clause bars prosecution for violations of the statute committed before its repeal. See 22 C.J.S. Criminal Law § 27, p. 89; State v. Cline, 135 Mont. 372, 339 P.2d 657. This common law rule is based on presumed legislative intent, it being presumed that the repeal was intended as an implied legislative pardon for past acts. See 22 C.J.S. Criminal Law § 27, p. 92. However, a well settled exception to this general common law rule exists: Where there is an outright repeal and a substantial reenactment, it is presumed that the legislature did not intend a remission of crimes not reduced to judgment at that time. Sekt v. Justice's Court of San Rafael Tp., 26 Cal.2d 297, 159 P.2d 17, 167 A.L.R. 833. As stated in *Sekt*, this exception is based on the proposition that under such circumstances there has been no change in the law, but merely a continuation of the old law in the new law thereby indicating a legislative intent not to pardon past offenses. This Court has heretofore found *Sekt* well reasoned and persuasive (State v. Cline, supra), as we do today.

In the instant case the sale of marihuana by unauthorized persons was made a crime under both the old Uniform Drug Act and the new Dangerous Drug Act. The scope of prohibited drugs under the new Act is generally broader than under the old Act. The changes made by the new Dangerous Drug Act generally related to searches and search warrants and modification of penalties for certain violations. Generally speaking, the acts that constituted crimes under the old Uniform Drug Act constitute crimes under the new Dangerous Drug Act. Surely, under these circumstances, no legislative intent to pardon, forgive, or bar prosecution for crimes under the old Uniform Drug Act can be found.

Finally relator's claim that Montana's general savings

clause interpreted, as we have, to preserve the instant prosecution constitutes ex post facto legislation prohibited by Art. III, § 11 of the Montana Constitution is worthy of brief comment only. This contention is bottomed on the proposition that the Uniform Drug Act was extinguished by repeal and then brought back to life by Montana's general statutory savings clause heretofore noted. This proposition is incorrect. A general savings clause is to be construed as a part of the repealing statute (State v. Chicago Great Western Ry. Co., 222 Minn. 504, 25 N.W.2d 294; Summit Beach v. Glander, 153 Ohio St. 147, 91 N.E.2d 10), taking effect concurrently with it (Bd. of Com'rs of Adams County v. Fennig, 211 Ind. 411, 5 N.E.2d 639), and simply limiting the scope of repeal (C. Thomas Stores Sales System v. Spaeth, 209 Minn. 504, 297 N.W. 9).

Accordingly, we hold that Judge Lessley was correct in denying relator's motion to quash the Information against him. The requested writ of supervisory control is denied and the cause is remanded to the district court of Gallatin County for further proceedings.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES and JOHN C. HARRISON, concur.