THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.*
ALTON B. ROZZELL, JR., DEFENDANT AND APPELLANT.

No. 12029.
Submitted June 10, 1971.
Decided June 30, 1971.
486 P.2d 877.

444

E. F. Gianotti (argued), Great Falls, for appellant.

Robert L. Woodahl, Helena, J. C. Weingartner (argued), Helena, J. Fred Bourdeau, Great Falls, James Walsh (argued), Great Falls, A. Evon Anderson, Fort Benton, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from the District Court of the Eighth Judicial District, County of Cascade, of a first degree burglary conviction against Alton B. Rozzell, Jr., defendant and appellant herein.

The facts leading to the conviction are: During the night of August 31, 1970, burglars entered the Convenient Food Mart, 1705 Alder Drive, Great Falls, Montana. In the course of operation the burglars relieved the owner of the store of cigarettes, beer, certain foods, and several pairs of workman's gloves. The only apparent reason for taking the gloves seems to be to prevent the leaving of fingerprints, for none of the three involved in the burglary would understand the correct use of such gloves. The burglary was discovered at about 5 o'clock the following morning by the Great Falls police and the owner, Donald Ray Johnson, was called to the scene. He took an immediate inventory and among other missing items reported were the gloves. Wrappers from three pair of leather gloves were found on the floor of the store.

A week later, on September 7, acting on a complaint of appellant's sister for the alleged breaking into of her home, Officer James Cook of the Great Falls police, learned that appellant was at a local drive-in. Officer Cook and another officer went to talk to appellant. Cook testified that he did not arrest appellant at the drive-in, but requested appellant to come to the local police station to discuss the matter. This is confirmed by the accompanying officer, Bernardi, who testified that before going to the police station they relieved appellant of a hunting knife. Both officers denied arresting appellant at the drive-in.

Appellant testified Officer Bernardi "shook him down" and that he asked whether or not the officers had a warrant. No Miranda warning was given until they arrived at the police station; Officer Cook testified the warning was given there within minutes after arrival and before any questioning took place. After being given the Miranda warning, appellant was asked about the theft of a car used in the burglary, and the burglary of the Convient Food store. As a result of the questioning appellant admitted the auto theft and the burglary, named his companions, and told the officer where some of the stolen articles were located. He confirmed the theft of the gloves, later initialed by each of the burglars, and which were recovered and used as evidence at the trial.

As a result of the police investigation appellant and his two companions, John Hay and Allen Miler, were charged with first degree burglary on September 17, 1970. Appellant pled "not guilty' 'and his case was set for trial on November 17, 1970. The original Information listed five witnesses. On Friday, November 13, 1970 the state filed a motion to add four additional names as witnesses, making more than the six witnesses allowed without a court order as set forth in section 94-8904, R.C.M.1947. The presiding judge allowed the addition of the four new witnesses and appellant was served with a copy of the motion and order on November 17, shortly before the trial began.

The trial commenced, jurors were picked, both sides made opening statements and at the time when the state called its first witness, Donald Ray Johnson, one of the witnesses whose name was added to the Information on November 13, appellant's counsel objected as follows:

"Judge, at this time the defendant moves to set aside the order of this court dated November 13th, 1970, allowing the addition of certain witnesses. The Motion filed by the County Attorney's office and the State of Montana was filed on November 13th last Friday. The motion filed by the State of Montana asked for addition by an order allowing to subpoena more than six witnesses as set forth in Section 94-8904. That section

just cited has been repealed by Section 2, Chapter 198, of the Laws of 1967, now refers to R.C.M.1947, 95-1801, which refers to subpoenas and generally subpoenaes on the part of the defendant. I would at this time like to call the court's attention to R.C.M.1947, 95-1803, which holds, 'The prosecution may any time after arraignment, add the names of any additional witnesses upon a showing of good cause, and such new list shall list names and addresses of the witnesses.'

"Now, the Motion filed by the County Attorney's office last Friday does not state good cause, nor was there a hearing, and does not in any way even show why they wanted to add the witnesses. The order signed by Your Honor on November 13, 1970, lists additional witnesses without the addresses of these witnesses. As a result the defense was unable to contact these witnesses, and a failure to list the names and addresses does not allow the defendant to be confronted with the witness against him, which is in violation of Article III, Section 16, of the Constitution of the State of Montana."

The court made the following ruling:

"Well, you should have made this before we got this far along in the case. If you had any objection you should have made that before we proceeded to impanel the jury. That was the time to have made your objection."

Defense attorney then asked the court:

"Well, are you making that ruling upon the reason that the jury has been impaneled or that it is not timely?"

The court's answer was that defendant's Motion was not timely.

"It is not a timely motion, and the court will give you such time as you need to interview these witnesses. We will continue the case, and give you an opportunity."

Trial commenced, appellant was subsequently found guilty by the jury and was sentenced to serve ten (10) years at hard labor in the Montana State Prison, Deer Lodge, Montana.

Three issues are presented on appeal each directed to alleged procedural errors committed before and during trial.

1. Did the court err in allowing the state to amend the Information; and in this connection was the appellant's motion timely?

2. Was there sufficient "good cause" to allow the state to amend the Information?

3. Was there prejudicial error sufficient to allow defendant a new trial?

■ The principal argument made by appellant on issue No. 1 is that the state was allowed to amend its Information by adding witnesses, under section 94-8904, R.C.M.1947, which had been repealed by the new code of criminal procedure. Under the new code of criminal procedure, section 95-1803, R.C.M.1947, provides the means to amend and add witnesses to an Information.

Appellant argues that he was prejudiced by the state's use of a repealed procedural statute even though both the repealed statute and the new statute are procedural matters and do not in any manner change the substantive provisions or intent of the law.

Section 94-6208, R.C.M.1947 (repealed), stated that:

"The county attorney must indorse upon the information at the time of filing the same, the names of witnesses for the state, if known."

Section 94-6207, R.C.M.1947 (repealed), stated:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave of court. The information may be amended at any time thereafter and on the trial as to all matters of form, at the discretion of the court, where the same can be done without prejudice to the rights of the defendant. No amendment must cause any delay of the trial unless for good cause shown by affidavit."

Section 94-8904, R.C.M.1947 (repealed), stated:

"In criminal actions in a court of record, the clerk of the court must not issue a subpoena on behalf of the state or defendant for more than six witnesses, except upon the order of

the court or judge, and such order may be made upon proper showing by affidavit or otherwise.''

These statutes were repealed and section 95-1503, R.C.M.1947, and section 95-1803, R.C.M.1947, were substituted. These statutes provide:

"95-1503 * * * A charge shall:

"* * *

" (d) If the charge is by information or indictment, it shall include endorsed thereon, the names of the witnesses for the state, if known. * * *''

"95-1803 * * * In all criminal cases originally triable in district court the following rules shall apply:

(a) List of Witnesses:

(1) For the purpose of notice only and to prevent surprise, the prosecution shall furnish to the defendant and file with the clerk of the court at the time of arraignment, a list of the witnesses intended to be called by the prosecution. The prosecution may, any time after arraignment, add to the list the names of any additional witnesses, upon a showing of good cause. The list shall include the names and addresses of the witnesses. * * *''

While we have not previously had before us this exact question, the use of a repealed procedural statute, we have previously considered cases where an appellant was charged under a statute creating a criminal offense, after the statute had been repealed and replaced with a similar statutory provision. State v. Cline, 135 Mont. 372, 376, 339 P.2d 657; State ex rel, Huffman v. District Court, 154 Mont. 201, 461 P.2d 847. Though the above cited cases concerned themselves with changes in the substantive law, the reasoning of the Court's holding applies here.

In *Cline* we found no prejudicial error, refusing to follow the common law approach that when a statute has been repealed there is no law. We held:

"* * * where a statute or section is amended by merely adding to or taking therefrom, the portion carried forward in

the new act is not a new act, but has been the law since the beginning.''

In addition in Cline we noted:

''We think section 94-102 also shows legislative intent to negative the implied repeal contended for by the appellant.

'' 'The provisions of this code, so far as they are the same as existing statutes, must be construed as continuations thereof, and not as new enactments.' Section 94-102, supra.'' See Sekt v. Justice's Court, 26 Cal.2d 297, 159 P.2d 17, 167 A.L.R. 833.

While there was perhaps technical error on the part of the state in relying on section 94-8904, the same purposes are served under section 95-1803; thus there is no showing of prejudice that affects any substantial right of appellant.

█ Appellant next raises the issue of the timeliness of his motion to set aside the court's order of November 13, which motion the court denied because it was untimely. We find no merit in this issue. While appellant claimed he was unable to contact the additional witnesses due to the fact that the state failed to list their addresses, the court regognized the possibility of surprise and offered appellant a continuance until he had a chance to consult with the witnesses.

''THE COURT: It is not a timely motion, and the court will give you such time as you need to interview these witnesses. We will continue the case and give you an opportunity.''

Appellant waived the opportunity, noting:

''It is not that the defendant alleges surprise, Your Honor, we were aware of the witnesses. * * *''

Issue No. 3 concerns whether or not sufficient ''good cause'' was shown for additional witnesses on the information, as required by section 95-1803, R.C.M.1947.

Section 95-1803 provides:

''95-1803. *Discovery, inspection, and notice.* In all criminal cases originally triable in district court the following rules shall apply:

(a) List of Witnesses:

(1) For the purpose of notice only and to prevent surprise, the prosecution shall furnish to the defendant and file with the clerk of the court at the time of arraignment, a list of the witnesses intended to be called by the prosecution. The prosecution may, any time after the arraignment, add to the list the names of any additional witnesses, upon a showing of good cause. The list shall include the names and addresses of the witnesses.

\* \* \* \* \* \*

(d) For the purpose of notice only and to prevent surprise, the defendant shall furnish to the prosecution and file with the clerk of court at the time of entering his plea of not guilty or within ten (10) days thereafter or at such later time as the court may for good cause permit, a statement of intention to interpose the defense of insanity, self-defense or alibi. If the defendant intends to interpose any of these defenses, he shall also furnish to the prosecution and file with the clerk of the court, the names and addresses of all witnesses to be called by the defense in support thereof. The defendant may, prior to trial, upon motion and showing of good cause, add to the list of witnesses the names of any additional witnesses. After the trial commences, no witnesses may be called by the defendant in support of these defenses, unless the name is included on such list, except upon good cause shown. \* \* \*''

 "Good cause" has been defined as "substantial reason," one that affords a legal excuse. Pines v. District Court in and for Woodbury County, 233 Iowa 1284, 10 N.W.2d 574. It is a legally sufficient ground or reason. Jackson v. United States, 9 Cir., 295 F. 620. It can be presumed that the trial judge, for absence of any other showing, exercised his discretionary power in granting the order adding the witnesses, and was well aware of the statutory requirements.

 Finally, appellant asks—was there prejudicial error? We find no merit in this issue. We have often held that this Court will not reverse a judgment of conviction for harmless error and the question of whether a particular error is harmful or harmless depends on the facts reviewed. Too, that prejudice

will not be presumed in a criminal case but rather must appear from a denial or invasion of a substantial right from which the law imputes prejudice. State v. Straight, 136 Mont. 255, 347 P.2d 482; State v. Schleining, 146 Mont. 1, 403 P.2d 625; State v. Olsen, 152 Mont. 1, 445 P.2d 926.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, DALY, and CASTLES, concur.