*75 JUSTICE McKINNON,
concurring.
¶54 I agree with the Court in all respects, with the exception that I would conclude, based solely upon the language of § 26-1-802, MCA, the spousal privilege does not apply and not, as the Court does, upon an extension of Nettleton and a finding that the letters were intimidating and threatening. The Legislature, by enacting § 26-1-802, MCA, established the spousal privilege, as well as the exception to that privilege. It is not necessary to extend Nettleton, which abrogated the spousal privilege for reasons not set forth in § 26-1-802, MCA, as the tampering charge arises out of the PFMA and was committed by Forsythe with the purpose to frustrate effective prosecution of the PFMA. In my opinion, the case before us is one criminal prosecution with two charges, and I would conclude the communications are not protected pursuant to the plain language of the statutory exception because this is “a criminal action or proceeding for a crime committed by one spouse against the other ....” Section 26-1-802, MCA.
¶55 The Court relies on Nettleton to find that the letters were intimidating and/or threatening and that the central principle of the privilege—protection of the marital relationship—was not advanced by excluding the letters. Opinion, ¶¶ 31, 33. Nettleton involved threats by the husband to his then-wives of death, stalking, physical violence, and killing the parties’ child. Similarly, in Edwards, ¶ 20, the communications held not to be privileged were statements by Edwards to his wife, made while pointing a shotgun at her, that he would kill her and her family and burn down her grandmother’s house. Our holdings in Nettleton and Edwards did not construe the statutory exception contained in § 26-1-802, MCA, and were, in actuality, a judicially created exception to the statutorily created spousal privilege. As such, I am hesitant to extend precedent when it is not in accord with the clear language of a statute which specifically and directly addresses the same subject-matter. Further, extending Nettleton requires the trial court to climb the slippery slope of deciding when a statement is threatening or intimidating and damaging of the marital relationship, particularly in the absence of testimony from the victim that she was so threatened or intimidated and that the marriage was over.[1] I think the better course, and that set forth in the language of the statute, is that the tampering charge is clearly part of the same proceeding as the PFMA and arose out of and is intricately related to *76 the PFMA. On this basis only, I would conclude that the letters are not protected by the spousal privilege.
¶56 The role of this Court in the construction of a statute “is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been asserted.” Section 1-2-101, MCA. This Court has repeatedly held that we must seek to implement the intention of the Legislature when interpreting a statute. In re K.M.G., 2010 MT 81, ¶ 26, 356 Mont. 91, 229 P.3d 227 (citing § 1-2-102, MCA; Montana Vending Inc. v. Coca-Cola Bottling Co., 2003 MT 282, ¶ 21, 318 Mont. 1, 78 P.3d 499). We determine the intention of the Legislature first from the plain meaning of the words used, and if interpretation of the statute can be so determined, we may not go further and apply any other means of interpretation. State v. Trull, 2006 MT 119, ¶ 32, 332 Mont. 233, 136 P.3d 551 (citing Dunphy v. Anaconda Co., 151 Mont. 76, 79-81, 438 P.2d 660, 662 (1968)); see also Tongue River Elec. Coop. v. Montana Power Co., 195 Mont. 511, 515, 636 P.2d 862, 864 (1981) (citing Haker v. Southwestern R.R., 176 Mont. 364, 369, 578 P.2d 724, 727 (1978); State ex rel. Huffman v. District Court, 154 Mont. 201, 204, 461 P.2d 847, 849 (1969)). “In the search for plain meaning, ‘the language used must be reasonably and logically interpreted, giving words their usual and ordinary meaning.’ ” Gaub v. Milbank Ins. Co., 220 Mont. 424, 427, 715 P.2d 443, 445 (1986) (quoting In re McCabe, 168 Mont. 334, 339, 544 P.2d 825, 828 (1975)).
¶57 In my opinion, the language of § 26-1-802, MCA, is plain and unambiguous. We are thus not required to extend the judicially created exception we made in Nettleton and Edwards, which likely was made pursuant to the compelling circumstances of those cases. While I do not disagree that the substance of Forsythe’s communications, particularly the fifth communication, were designed to threaten and intimidate Giana, the legislature has struck a balance, through its enactment of § 26-1-802, MCA, between protection of the marital relationship and when that protection is no longer deserving. It is not the role of a judge or this Court to expand on that exception, regardless of whether we agree with the balance struck by the Legislature, and particularly when it is unnecessary.
¶58 The plain language of the statutory exception itself applies to remove from protection the communications made by Forsythe because the case before us is one “criminal action or proceeding” with two charges arising from the same series of events. I would only apply the statutory exception contained in § 26-1-802, MCA, to conclude the *77 letters were not protected spousal communications.
JUSTICE SANDEFUR joins in the concurring Opinion of JUSTICE MCKINNON.

 During trial, Giana did not testify she was threatened or intimidated and she was unwilling to definitively state her marriage to Forsythe was over.