No. 86-55

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

THE CITY OF HELENA,

        Plaintiff and Respondent,

-vs-

KEITH OWEN DAVIS,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Leo J. Gallagher, Helena, Montana

    For Respondent:

        Hull & Sherlock; David Hull, Helena, Montana

---

Submitted on Briefs:  June 24, 1986

Decided:  August 8, 1986

Filed:  AUG 8 - 1986

*Ethel M. Harrison*

———————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the defendant from his conviction for the offense of driving under the influence of alcohol or drugs in violation of § 61-8-401, MCA. The only contention raised by the defendant on appeal is whether the trial court properly instructed the jury with regard to the above charged offense. We reverse and remand this case for a new trial consistent with this opinion.

On April 14, 1985, the defendant-appellant, Keith Owen Davis (hereinafter "Davis"), was arrested for driving under the influence of alcohol or drugs in violation of § 61-8-401, MCA. The defendant was convicted of the charged offense in Helena City Court and he appealed his conviction to the District Court. In a trial de novo before the District Court of the First Judicial District a jury of six persons convicted the defendant of the same charged offense.

Section 61-8-401, MCA, reads in pertinent part as follows:

> Persons under the influence of alcohol or drugs. (1) It is unlawful and punishable as provided in 61-8-714 for any person who is under the influence of:
>
> (a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public;
>
> (b) a narcotic drug to drive or be in actual physical control of a vehicle within this state;
>
> (c) any other drug to a degree which renders him incapable of safely driving a vehicle to drive or be in actual physical control of a vehicle within this state; or
>
> (d) alcohol and any drug to a degree that renders him incapable of safely driving a vehicle to drive or be in

actual physical control of a vehicle within this state.

(2) The fact that any person charged with a violation of subsection (1) is or has been entitled to use alcohol or such a drug under the laws of this state does not constitute a defense against any charge of violating subsection (1).

(3) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person driving or in actual physical control of a vehicle while under the influence of alcohol, the concentration of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's blood, urine, breath, or other bodily substance, shall give rise to the following presumptions:

(a) If there was at that time an alcohol concentration of 0.05 or less, it shall be presumed that the person was not under the influence of alcohol.

(b) If there was at that time an alcohol concentration in excess of 0.05 but less than 0.10, that fact shall not give rise to any presumption that the person was or was not under the influence of alcohol but such fact may be considered with other competent evidence in determining the guilt or innocence of the person.

(c) If there was at that time an alcohol concentration of 0.10 or more, it shall be presumed that the person was under the influence of alcohol. Such presumption is rebuttable.

(4) The provisions of subsection (3) do not limit the introduction of any other competent evidence bearing upon the issue of whether the person was under the influence of alcohol. (Emphasis added.)

. . .

The jury was instructed, over defense counsel's objection, that the law as it relates to § 61-8-401 was as follows:

You are instructed that the expression "under the influence of alcohol" covers not only all the well-known and easily recognized conditions and degrees of intoxication but any abnormal mental or

3

physical condition which is the result of indulging in alcohol to any degree, and which tends to deprive a person of that clearness of intellect and control of himself which he would otherwise possess. If the ability of the driver of an automobile has been lessened in the slightest degree by the use of alcohol, then the driver is deemed to be under the influence of alcohol. The mere fact that a driver has taken a drink does not place him under the ban of the statute unless such drink has some influence upon him, lessening in some degree his ability to handle said automobile. (Emphasis added.)

Davis now presents the following issue for review by this Court: Whether the District Court erred by giving a jury instruction that was at variance with the statute defining the offense for which he was charged and convicted.

In his brief, Davis argues because he was charged with driving under the influence of both alcohol and drugs pursuant to (1)(d) of § 61-8-401, the law clearly states he is not guilty unless his driving ability was impaired "to a degree that [rendered] him incapable of safely driving a [motor] vehicle." But rather than instructing the jury as to the criteria set forth in the statute, Davis argues, the trial court instructed the jury to convict him if his ability to drive was "lessened in the slightest degree."

Davis concedes the jury instruction given by the trial court was approved by this Court nearly 27 years ago in State v. Cline (1959), 135 Mont. 372, 339 P.2d 657. However, Davis argues, the instruction approved in Cline related only to a situation where the defendant was charged and convicted of driving under the influence of intoxicating liquor. In approving the instruction in Cline, Davis points out, this Court interpreted Montana's 1955 version of its DUI law and noted "the Legislature . . . placed no limitation on the

4

extent of the influence of intoxicating liquor required to come under the statute . . . [and] the instruction, taken as a whole, correctly states the law in Montana as applicable to a case of this kind." Cline, 339 P.2d at 662. Montana's 1955 DUI law (Art. IV, Section 39, Chapter 263 of the Session Laws for 1955) provided as follows:

> Persons under the influence of intoxicating liquor or of drugs.
>
> (a)  It is unlawful . . . for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.
>
> (b)  It is unlawful . . . for any person who is an habitual user of or under the influence of any narcotic drug or who is under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle to drive a vehicle within this state. The fact that any person charged with a violation of this paragraph is or has been entitled to use such drug under the laws of this State shall not constitute a defense against any charge of violating this paragraph. (Emphasis added.)
>
> . . .

Unlike the defendant in Cline, Davis argues, he was charged with driving under the influence of both alcohol and drugs. Further, unlike the offense charged in Cline, Davis asserts, the statute he was charged and convicted of violating does contain a clear legislative directive as to the extent of influence of the intoxicants. The offense charged in this case does not say the law is broken if one drives while impaired to the "slightest degree;" rather, the law states an offense is committed if one's driving ability is impaired "to a degree that renders him incapable of safely driving a [motor] vehicle." Davis argues the trial court committed reversible error by instructing the jury to convict

5

him on the basis of a factual criteria that is at variance with the criteria used by the legislature in defining the elements of the crime. Had the jury in this case been fully and fairly instructed on the law as passed by the legislature, Davis argues, he may not have been convicted.

Although we do not totally agree with the argument presented by Davis, we do feel he has brought to light one very important point -- the "Cline" instruction no longer reflects the law in Montana as passed by our legislature.

First, it must be noted that Davis was not charged with driving under the influence of both alcohol and drugs pursuant to (1)(d) of § 61-8-401 as he suggests. Rather, Davis was charged with a violation of § 61-8-401 generally. In other words, Davis was charged with driving while under the influence of alcohol and/or drugs.

Next, we feel it is important to review the argument presented by the City of Helena. The City of Helena, of course, strongly argues that the jury instruction given and approved in Cline, supra, was also appropriately given in the instant case. As noted above, this Court in Cline interpreted Montana's 1955 DUI law and determined that the offered instruction correctly stated the law in Montana as applicable to a case of that kind. In both Cline and the instant case the defendants were charged with driving under the influence of alcohol (intoxicating liquor). It is also important to note, the City of Helena argues, that both Montana's 1955 DUI law and today's DUI law are essentially the same (see above). A comparison of the former law with today's law reveals that despite its many amendments the legislature has left intact the original criteria regarding the degree of impairment the state must prove in order to

6

convict an individual of driving under the influence of alcohol or drugs. Therefore, since the instruction given and approved in <u>Cline</u> was based upon the same laws and situation as found in the instant case, the City of Helena argues, it was proper that the "Cline" instruction was given in this case. We disagree.

Simply put, we hold the "Cline" instruction no longer states the law in Montana. We find since this Court approved the "Cline" instruction in 1959, the legislature has significantly revised this State's DUI law. Although a comparison of Montana's original DUI law and today's DUI law reveals that the legislature has left intact much of the statute's original language, the legislature has also made some critical additions to the statute since it was first enacted. The most important addition to the DUI law has been subsection (3) of § 61-8-401 which sets forth the various presumptions that may be read to a jury when a person is charged with driving under the influence of alcohol (see above). Obviously, this section of the DUI law was not available to this Court when we approved the "Cline" instruction. In fact, in <u>Cline</u>, we held that because the legislature had placed no limitation on the extent of the influence of alcohol required to come under the DUI statute, we could justifiably adopt the offered instruction. As this Court stated in <u>Cline</u>:

> This identical instruction was given in an Arizona case, Steffani v. State, 45 Ariz. 210, 42 P.2d 615, 618. The court there made the observation that the Legislature of the State placed no limitation on the extent of the influence of intoxicating liquor required to come under the statute, and held that they could not add to the language of the statute. We believe that the instruction, taken as a whole, correctly

7

                    states the law in Montana as applicable
                    to a case of this kind.

Cline, 339 P.2d at 662. Clearly, this is not the situation

under Montana's current DUI law.

       In conclusion, we hold the "Cline" instruction is no

longer a proper statement of the law in this State and the

instruction must either be revised or abandoned to conform

with the provisions of § 61-8-401. As noted above, we find

the legislature today had specifically spelled out in

§ 61-8-401 the extent of the influence of intoxicants

necessary to be convicted of driving under the influence of

alcohol or drugs. As applied to the instant case, Davis is

entitled to a new trial with the jury being instructed as to

proper criteria set out in § 61-8-401 which is applicable to

a charge of driving under the influence of alcohol and/or

drugs.

       The conviction of the defendant is reversed and this

matter is remanded for a new trial consistent with this

opinion.

                                    _____
                                              Justice

We Concur:

_____
       Chief Justice

_____

_____

_____

_____
          Justices

                                        8