NO. 93-083

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

GARY ERNEST HENNING,

       Defendant and Appellant.

APPEAL FROM:    District court of the Twenty-first Judicial District, In and for the County of Ravalli, The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Donald Spadone, Hamilton, Montana

       For Respondent:

       Hon. Joseph P. Mazurek, Attorney General; Paul D. Johnson, Assistant Attorney General, Helena, Montana

       George Corn, County Attorney: Gerald D. Williams, Deputy County Attorney, Hamilton, Montana

Submitted on Briefs: April 22, 1993

Decided: May 27, 1993

FILED

MAY 27 1993

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
Clerk

Chief Justice J. A. **Turnage** delivered the Opinion of the Court.

Gary Ernest Henning (Henning) appeals an order denying his Motion in Limine to suppress the results of a blood alcohol test. The order was entered on December 30, 1992, in the Fourth Judicial District, Ravalli County. This appeal followed the entry of the Amended Judgment on February 2, 1993, in Ravalli County, which county was then in the newly-created Twenty-first Judicial District. We affirm the District Court.

We consolidate and restate the issues raised by Henning as:

Did the District Court err in failing to suppress the results of Henning's voluntary blood alcohol test?

On April 16, 1992, Henning was arrested and charged with driving under the influence of alcohol (DUI), a misdemeanor in violation of § 61-8-401, MCA. After the arrest, the arresting officer asked Henning to submit to a breath intoxilyzer test. Henning refused. However, he asked the arresting officer to take him to Marcus Daly Memorial Hospital in order that a blood alcohol test could be administered at his expense. The arresting officer complied with this request, and a blood sample was taken by a registered nurse at the hospital.

Following a bench trial in Justice Court, Henning was convicted of DUI. Henning appealed his conviction to the District Court. Prior to trial, Henning filed a Motion in Limine in which he asked the court to suppress the results of the blood alcohol test received after he was arrested. Henning alleged the results of the blood alcohol test were inadmissible. After considering the

2

briefs and argument of Henning and the State, the District Court denied the motion. The District Court ruled the blood alcohol test was relevant and admissible, and that the State had demonstrated a compelling interest outweighing Henning's privacy interest.

After his Motion in Limine was denied, Henning entered into a plea bargain with the State. He agreed to plead guilty and be sentenced for the DUI offense upon the condition that should this Court hold that the results of the blood alcohol test were inadmissible, he will be allowed to withdraw his plea. In addition, Henning asked the District Court to stay any execution of sentence pending this appeal. With the consent of the State, the District Court approved the plea bargain, accepted Henning's guilty plea, and imposed sentence. The District Court stayed the execution of Henning's sentence pending appeal.

Did the District Court err in failing to suppress the results of Henning's voluntary blood alcohol test?

In denying Henning's Motion in Limine, the District Court ruled that the State had demonstrated a compelling interest which outweighed Henning's privacy interests. Therefore, the blood alcohol test was admissible under § 50-16-535(1)(i), MCA. In addition, the District Court ruled the blood alcohol test was relevant and admissible in light of State v. Kirkaldie (1978), 179 Mont. 283, 587 P.2d 1298.

Henning argues that under § 50-16-535, MCA, the results of the blood alcohol test are part of his private medical records and

3

privileged information. Therefore, under § 50-16-535(1)(i), MCA, the State must show a compelling interest which outweighs the privacy interests of the patient in order for the results to be admissible. Henning contends the State failed to meet this burden.

While we agree with the District court's reliance on Kirkaldie, we do not agree with the court, and Henning, that § 50-16-535, MCA, determines whether the blood alcohol test is admissible into evidence.

Section 50-16-535(1)(i), MCA, provides:

> (1) Health care information may not be disclosed by a health care provider pursuant to compulsory legal process or discovery in any judicial, legislative, or administrative proceeding unless:

> (i) a court has determined that particular health care information is subject to compulsory legal process or discovery because the party seeking the information has demonstrated that there is a compelling state interest that outweighs the patient's privacy interest[.]

When this Court reviews the District Court's conclusions of law regarding the application of a statute, our standard of review is "whether the tribunal's interpretation of the law is correct." Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.

The exceptions listed in § 50-16-535, MCA, apply to the discovery of health care information. As provided in § 50-16-536(6), MCA:

> (6) Production of health care information under 50-16-535 . . . does not in itself constitute a waiver of any privilege, objection, or defense existing under other law or rule of evidence or procedure.

4

The Official Comments to § 50-16-535, MCA, provide:

> It is important to note that this section in no way supersedes or modifies the state's rules of evidence. . . . [O]nce health-care information has been discovered under this section, the normal rules of evidence govern its use at trial.

Henning does not contend that the blood alcohol test was not subject to discovery. Therefore, we limit our discussion to whether the District Court erred in failing to suppress the blood alcohol test results.

Although § 50-16-535, MCA, is inapplicable to the main issue in this appeal, we hold, pursuant to Kirkaldie and § 61-8-404(1)(a), MCA, that the result reached by the District Court was correct. Where the result reached by the District Court is correct, it will be upheld on appeal regardless of the reasons given for the conclusion. Jerome v. Pardis (1989), 240 Mont. 187, 192, 783 P.2d 919, 922.

> Section 61-8-404(1)(a), MCA, provides:
>
> (1) Upon the trial of any criminal action or other proceeding arising out of acts alleged to have been committed by any person in violation of 61-8-401 or 61-8-406:
>
> (a) evidence of any measured amount or detected presence of alcohol in the person at the time of the act alleged, as shown by an analysis of his blood, breath, or urine, is admissible[.]

We note however, that when a blood alcohol test is based upon the implied consent law, § 61-8-402, MCA, the admissibility into evidence of blood alcohol content is also subject to the procedural safeguards of § 61-8-404(1)(b)(i) and (ii), MCA, and the

5

Administrative Rules of Montana. See e.g., State v. McDonald (1985), 215 Mont. 340, 697 P.2d 1328.

In this case, the withdrawal of Henning's blood was not based upon the implied consent law. It was the result of his own request after he refused to take the breath test offered to him. Therefore, Henning consented to the taking of a blood sample. " In this state, evidence concerning the taking, analysis and result of a blood sample taken from [a] defendant with his consent is admissible in evidence." Kirkaldie, 587 P.2d at 1302.

We hold that the District Court did not err in failing to suppress the results of Henning's voluntary blood alcohol test. Once the evidence was discovered, it was no longer privileged information and the State was entitled to move for its admission at trial. The District Court is affirmed.

J.A. Turnage
Chief Justice

We concur:

John Conway Harrison

William E. Hunt

Justices

Justice Terry N. Trieweiler specially concurring.

I concur with the result reached by the majority. However, I would reach that result for different reasons.

It is correct that § 50-16-535, MCA, pertains to the discovery of health care information, rather than its admissibility. However, in his motion in limine, defendant relied on § 50-16-535, MCA, as his basis for arguing that his records were privileged, and therefore, inadmissible.

If § 50-16-535, MCA, is the basis for the privilege that defendant asserts, then I conclude that the records in this case were an exception to the privilege by the terms of that same statute, which provides in part that:

> (1) Health care information may not be disclosed by a health care provider pursuant to compulsory legal process or discovery in any judicial, legislative, or administrative proceeding unless:
>
> . . . .
>
> (j) the health care information is requested pursuant to an investigative subpoena issued under 46-4-301.

In this case, the health care records that defendant sought to suppress were obtained by the prosecuting attorney pursuant to an investigative subpoena issued by the District Court after a hearing which was held on May 23, 1992. Since the statute relied upon by defendant contained, by its own terms, an exception to the privilege that it established, and since the results of blood tests are otherwise relevant and admissible in the type of prosecution

7

that this case involved, I would affirm the judgment of the District Court.

_____
                    Justice

May 27, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


DONALD SPADONE
Attorney at Law
220 S. 3rd. Street
Hamilton, MT 59840


HON. JOSEPH P. MAZUREK, Attorney General
Paul D. Johnson, Assistant
Justice Bldg.
Helena, MT 59620


GEORGE CORN, County Attorney
Gerald D. Williams, Deputy
Ravalli County Courthouse Box 5008
Hamilton, MT 59840



ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy