JUSTICE WEBER
delivered the Opinion of the Court.
This is an appeal from a judgment of the First Judicial District Court, Lewis and Clark County, revoking petitioner’s driving license and finding that the New York law of Driving While Ability Impaired by Alcohol is substantially similar to the Montana law of Driving Under the Influence of Alcohol. We affirm.
The only question on appeal is whether the District Court erred in determining that the New York law is substantially similar to the Montana law so that petitioner’s driving license was properly revoked under Montana law?
William J. Montanye (Montanye) is a Montana resident who was cited in the state of New York on February 29,1992, for driving while intoxicated. Montanye was convicted on March 6, 1992, of driving while ability impaired, which is a charge of lesser degree than the New York charge of driving while intoxicated. Montanye was assessed a $350 fine and $250 cost, and his license was suspended for 90 days.
On April 9,1992, New York authorities notified the Motor Vehicle Division of the Montana Department of Justice of Montanye’s conviction. This action was taken pursuant to the Uniform Driver License Compact which both New York and Montana have adopted. See § 61-5-401, MCA, which sets forth the Compact in Articles I through IX and which is cited as “Driver License Compact.” The Driver License Compact requires that states are to report convictions of charges occurring in their states to the home state of a violator.
Following notification, the Montana Department of Justice, Motor Vehicles Division, suspended Montanye’s Montana’s driver’s license as of April 9, 1992, for a period of six months. On May 1, Montanye initiated this action in District Court seeking review of the driver’s license suspension action. Montanye also sought a stay of the suspension which was granted on May 6,1992.
*260 The District Court, in an order filed October 9, 1992, determined that, under the Driver License Compact, the New York offense of Driving While Ability Impaired is substantially similar to the Montana offense of Driving Under the Influence of Alcohol (DUI). Further, the court determined that Montana should properly suspend Montanye’s license for six months, less the 90 days for which Montanye had his driving privileges suspended in New York.
Because of the substantive changes made in the statute by amendments, we set forth § 61-8-401, MCA (1991), as follows:
61-8-401. Persons under the influence of alcohol or drugs. (1) It is unlawful and punishable as provided in 61-8-714 and 61-8-723 for any person who is under the influence of:
(a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public,
(d) alcohol and any dangerous or other drug to drive or be in actual physical control of a vehicle within this state.
(2) The fact that any person charged with a violation of subsection (1) is or has been entitled to use alcohol or such a drug under the laws of this state does not constitute a defense against any charge of violating subsection (1).

(3) “Under the influence” means that as a result of taking into the body alcohol, drugs, or any combination thereof, a person’s ability to safely operate a motor vehicle has been diminished.

(4) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person driving or in actual physical control of a vehicle while under the influence of alcohol, the concentration of alcohol in the person at the time alleged, as shown by analysis of the person’s blood, mine, or breath, shall give rise to the following inferences:
(a) If there was at that time an alcohol concentration of 0.05 or less, it may be inferred that the person was not under the influence of alcohol.
(b) If there was at that time an alcohol concentration in excess of 0.05 but less than 0.10, that fact shall not give rise to any inference that the person was or was not under the influence of alcohol but such fact may be considered with other competent evidence in determining the guilt or innocence of the person.
*261 (c) If there was at that time an alcohol concentration of 0.10 or more, it may be inferred that the person was under the influence of alcohol. The inference is rebuttable.
(5) The provisions of subsection (4) do not limit the introduction of any other competent evidence bearing upon the issue of whether the person was under the influence of alcohol, drugs, or a combination of the two. (Emphasis supplied.)
As emphasized, § 61-8-401(3), MCA, defines a person under the influence of alcohol as one whose ability to safely operate a motor vehicle has been diminished. In comparison, N.Y. Veh. and Traf. Law § 1192 subd. 1, provides:
Driving while ability impaired. No person shall operate a motor vehicle while the person’s ability to operate such motor vehicle is impaired by the consumption of alcohol.
Separate from the Driver License Compact provisions, Montana § 61-5-204, MCA, allows suspension of a resident’s license upon conviction in another state, stating in pertinent part:
Suspending resident’s license upon conviction in another state. The department is authorized to suspend or revoke the driver’s license ... of any resident of this state ... to drive a motor vehicle in this state upon receiving notice of the conviction of the person in another jurisdiction of an offense in that jurisdiction which, if committed in this state, would be grounds for the suspension or revocation of the driver’s license ...
Montana law provides that conviction of a DUI carries with it a fine, imprisonment, and possible revocation or suspension of license. Montanye was convicted in New York of driving while impaired by alcohol which carries with it a potential punishment of a fine, imprisonment or suspension of license.
Both laws deal with the driver’s diminished ability to drive while under the influence of alcohol. Both states provide for suspension of driver’s license as a punishment. The suspension is 90 days in New York and six months in Montana. See § 61-5-208, MCA. Montanye contends that the two sets of laws are totally dissimilar and that he should not have his license suspended here.
The declaration of policy in the Driver License Compact adopted by both states provides a guide to the policy behind the Compact, providing in § 61-5-401(l)(c), MCA:
*262 the continuance in force of a license to drive is predicated upon compliance with laws and ordinances relating to the operation of motor vehicles in whichever jurisdiction the vehicle is operated.
The law in New York prohibits a driver from driving when alcohol impairs his or her ability to drive. The Montana law prohibits a driver from operating a car when his or her ability to drive safely is diminished.
As pointed out by the District Court, while the New York statute does not define impaired or intoxicated, in the case of People v. Miller (1975), 373 N.Y.S.2d 312, 314, the New York court defined intoxication:
Therefore, this court finds that it was the intention of the Legislature that a person be convicted of driving while intoxicated when it is established that he has consumed enough alcohol so that his physical and mental control are markedly diminished-, or putting it another way, that his judgment and ability to operate a motor vehicle are adversely affected to a substantial degree. (Emphasis added.)
If driving while intoxicated is defined as having one’s physical and mental abilities “markedly’ diminished, driving while alcohol impaired indicates that the degree of impairment is somewhat less than markedly diminished.
The District Court here compared the similarities and differences between the Montana and New York law and concluded that while there were a few differences, the offenses are substantially similar. The District Court emphasized that the conviction of either offense could result in fine, imprisonment and loss of driving privileges. It also emphasized that under New York law, a Montana DUI conviction would be deemed driving while impaired and therefore would come within the Driver License Compact provisions. The District Court further concluded that the fact that the Montana violation is a misdemeanor and the New York violation is a traffic offense is not a significant difference. It pointed out that Montana law requires finding that the driver has a diminished capacity to operate his vehicle safely. New York law requires that impairment be found when as a result of the ingestion of alcohol, a driver’s control of a vehicle is less than would be expected by a reasonably prudent driver. The court concluded that a reasonably prudent driver also would be a safe driver. The District Court therefore concluded that the New York offense of driving while impaired is similar to Montana’s driving under the influence laws.
*263 Under the Driver License Compact Montana is required to determine if the offenses described in New York are of a “substantially similar nature.” Driver License Compact, Article IV, (3), § 61-5-401, MCA. We affirm the District Court’s conclusion that the New York offense of driving while impaired is substantially similar in nature to the Montana law of driving under the influence.
The dissent contends that since conviction in New York while “impaired” requires a lesser degree of intoxication than Montana, the offenses are not substantially similar. The dissent seems to contend that under City of Helena v. Davis (1986), 222 Mont. 492, 723 P.2d 224, the only way in which a conviction can be obtained is to spell out the alcoholic concentrations as set forth in the present § 61-8-401(4), MCA. That analysis ignores the changes subsequently made to our statute after Dav is was decided.
As noted, the 1991 § 61-8-401(4), MCA, provides for various inferences which are to be applied to alcohol concentrations at various levels. Apparently the dissent is suggesting that if these elements are not presented within jury instructions, then under Dae is there cannot be impairment which is different than the state of New York. We disagree with that analysis.
As a result the 1987 amendment to § 61-8-401, MCA, Montana is no longer limited to proof of alcohol concentration in a person’s blood, urine or breath. While previous subsections of § 61-8-401, MCA, contain the cut-off levels of blood alcohol content, the 1987 amendment has added a definition by which “under the influence” can be defined not by a chemical analysis of the blood, but by the observation that a “person’s ability to safely operate a motor vehicle has been diminished.”
This 1987 amendment undermines any controlling affect of the Davis decision. In Davis, we determined that the instruction given to the jury which attempted to define “under the influence” was not correct because such an evaluation had become more precise. In 1987, the definition of “under the influence” underwent another change, this time it grew to include a definition which considered the driver’s ability to drive and not just his blood alcohol content.
The Davis reasoning concerns an outdated 1955 instruction erroneously given to the jury in the 1986 case. That instruction did not take into consideration the assumptions raised when blood alcohol content was measured. Subsequent to 1955, the legislature added assumptions as to ability to drive based upon the alcoholic content of a person’s blood. The law had been changed to reflect those specific *264 levels of alcoholic content in the blood. Thus, the Davis Court was correct in reversing because the jury instruction did not reflect the current assumptions contained in the law.
In 1987, the legislature determined that “under the influence” is not exclusively determined by the blood’s alcoholic content. Such content levels create inferences. Now, “under the influence” is defined by the diminution of a person’s ability to drive a vehicle.
This is exactly what the New York law concerning “impairment” was meant to do. It was meant to give police a tool to determine when a person’s ability to drive was diminished, despite the lack of breath analysis at the scene. People v. Cruz (1979), 423 N.Y.S.2d 625, 628. We conclude that the additions to the Montana statutes are comparable to the additions to the New York statutes.
The Driver License Compact makes it reciprocal for states adopting the uniform law to comply with the traffic laws in sister adopting states. Montanye had not complied with New York’s traffic laws. He was convicted of driving while impaired because of alcohol and had his driving privileges revoked for 90 days. This is half the time required by Montana law for a suspended license. The District Court concluded that Montanye’s driver’s license could not be suspended for more than a total of six months and therefore subtracted from the Montana suspension the New York revocation of 90 days. The State of Montana has not cross-appealed the issue of length of time for license revocation and we will not, therefore, consider this issue on appeal. In order to preserve an issue not raised by appellant, respondent must file notice of cross appeal. Rules 5(a), 14, M.R.App.R; Neumann v. Rogstad (1988), 232 Mont. 24, 757 P.2d 761.
We hold that the District Court did not err in determining that the New York law is substantially similar to the Montana law so that petitioner’s driving license was properly revoked under Montana law.
Affirmed.
CHIEF JUSTICE, TURNAGE, JUSTICES HARRISON and NELSON concur.