JUSTICE TRIEWEILER
dissenting.
I dissent from the majority’s opinion in this case.
The majority’s opinion has not cited New York’s statute in its entirety. In its entirety, it provides for three separate offenses which relate to operating motor vehicles under the influence of alcohol. They are the following:
*265 1. Driving while ability impaired. No person shall operate a motor vehicle while the person’s ability to operate such motor vehicle is impaired by the consumption of alcohol.
2. Driving while intoxicated; per se. No person shall operate a motor vehicle while such person has a .10 of one per centum or more by weight of alcohol in the person’s blood as shown by chemical analysis of such person’s blood, breath, mine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this Article.
3. Driving while intoxicated. No person shall operate a motor vehicle while in an intoxicated condition.
N.Y. Veh. & Traf. Law § 1192.
Paragraphs 2 and 3 of New York’s statute are substantially similar to §§ 61-8-406 and -401, MCA, respectively. However, defendant was convicted of subparagraph 1 of the New York law. There is no counterpart in Montana for that paragraph.
The New York statute does not define the degree to which a person must be under the influence of alcohol before he or she is, as a matter of law, “impaired.” The majority cites People v. Miller (1975), 373 N.Y.S.2d 312, 314, for the principle that “intoxicated” means that a driver’s ability to operate a vehicle is “adversely affected to a substantial degree.” However, in a more recent decision, which was controlling at the time of this defendant’s conviction, the highest court of the State of New York held that the requirement for “impairment” is satisfied by a much lesser degree of influence. In People v. Cruz (1979), 423 N.Y.S.2d 625, 628, 399 N.E.2d 513, 516, the New York Court of Appeals held that:
On its face, however, the statute does not speak of degrees of impairment; it simply prohibits the driving of a motor vehicle when the driver’s “ability to operate such vehicle is impaired.” (Vehicle & Traffic Law, s. 1192, subd. 1). Thus driving a motor vehicle while there is any alcoholic impairment of the driver’s “ability to operate such vehicle” would constitute a violation.
... It is evident from the statutory language and scheme that the question in each case is whether, by voluntarily consuming alcohol, this particular defendant has actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver. [Emphasis added].
*266 We have specifically held in Montana that the degree of impairment which the New York court found sufficient to convict under subsection 1 of its impairment law, is not sufficient to convict under Montana’s statute which prohibits operating a motor vehicle while under the influence of alcohol.
In City of Helena v. Davis (1986), 222 Mont. 492, 723 P.2d 224, we held that it was error to instruct a jury that a person could be convicted of operating a vehicle under the influence of alcohol in violation of § 61-8-401, MCA, if the jury simply found “any alcoholic impairment.” In that case, the defendant was charged with operating a motor vehicle under the influence of alcohol or drugs in violation of § 61-8-401, MCA. The jury was instructed, over defense counsel’s objection, that “[i]f the ability of the driver of an automobile has been lessened in the slightest degree by the use of alcohol, then the driver is deemed to be under the influence of alcohol.” Davis, 723 P.2d at 225. On appeal, the defendant contended that he could not violate § 61-8-401, MCA, unless his driving ability was impaired “to a degree that [rendered] him incapable of safely driving a [motor] vehicle.” Davis, 723 P.2d at 225 (underlining added). The defendant’s position was as follows:
Davis asserts, the statute he was charged and convicted of violating does contain a clear legislative directive as to the extent of influence of the intoxicants. The offense charged in this case does not say the law is broken if one drives while impaired to the “slightest degree;” rather, the law states an offense is committed if one’s driving ability is impaired “to a degree that renders him incapable of safely driving a [motor] vehicle.”
Davis, 723 P.2d at 226.
This Court agreed with the defendant and held that the instruction given in the district court in that case:
[N]o longer [was] a proper statement of the law in this State and the instruction must either be revised or abandoned to conform with the provisions of § 61-8-401. As noted above, we find the legislature today had specifically spelled out in § 61-8-401 the extent of the influence of intoxicants necessary to be convicted of driving under the influence of alcohol or drugs. As applied to the instant case, Davis is entitled to a new trial with the jury being instructed as to proper criteria set out in § 61-8-401 which is applicable to a charge of driving under the influence of alcohol and/or drugs.
Davis, 723 P.2d at 227.
*267 In its reference to the dissent, the majority opinion totally misses the point. The point is that under New York’s offense of driving while impaired, any degree of impairment is sufficient. Under Montana’s offense of driving while intoxicated, any degree of impairment is not sufficient. The fact that Montana’s statute sets out inferences based on various levels of alcoholic concentrations merely confirms that distinction.
The majority opinion states that “[ajpparently the dissent is suggesting that if these elements are not presented within jury instructions, then under Davis there cannot be impairment which is different than the state of New York. We disagree with that analysis.”
The dissent has nothing to do with jury instructions. The dissent is based upon very clear distinctions between the New York statute for which defendant was convicted, and the Montana statute for which his license is being revoked. The difference, based upon prior decisions from that state and this state, is the degree of impairment necessary for conviction.
The majority opinion states that:
As a result of the 1987 addition to § 61-8-401, MCA, Montana is no longer limited to proof of alcohol concentration in a person’s blood, urine or breath. While previous subsections of § 61-8-401, MCA, contain the cut-off levels of blood alcohol content, the newly added subsection (3) has added a definition by which “under the influence” can be defined not by a chemical analysis of the blood, but by the observation that a “person’s ability to safely operate a motor vehicle has been diminished.”
Subsection (3) of § 61-8-401, MCA, does not have anything to do with the method by which intoxication is proven and says nothing about observation of an accused’s physical or mental capacities. It simply defines “under the influence” to mean that as a result of alcoholic consumption, “a person’s ability to safely operate a motor vehicle has been diminished.” (Emphasis added).
For some reason which escapes me, the majority concludes that based upon the addition of this definition in the 1987 amendment to § 61-8-401, MCA, the Davis decision has no precedential significance. However, that makes no sense. In Davis, we held that it was error to instruct a jury that “[i]f the ability of the driver of an automobile has been lessened in the slightest degree by the use of alcohol, then the driver is deemed to be under the influence of alcohol.” Davis, 723 P.2d at 225. We arrived at that conclusion because of statutory presumptions based upon blood alcohol content. We did not do so because of *268 the absence of the definition which was added by amendment in 1987. In fact, according to the defendant in Davis, the definitional addition relied on by the majority was already present since the statute under which he was charged provided that:
(1) It is unlawful and punishable as provided in 61-8-714 for any person who is under the influence of
(d) alcohol and any drug to a degree that renders him incapable of safely driving a vehicle to drive or be in actual physical control of a vehicle within this state.
Therefore, there was no change to Montana’s DUI statute in 1987 which has any bearing on our holding in Davis. We simply held that any diminution in the ability to drive, no matter how slight, did not constitute a violation of our DUI statute. If anything, the amendment referred to in the majority opinion makes that conclusion even more inescapable today.
Since conviction of driving while “impaired” in New York requires a lesser degree of intoxication than driving “under the influence” in Montana, the offenses are not substantially similar as a matter of law. Indeed, if they were substantially similar, New York would not find it necessary to establish two separate offenses which differ only with regard to the degree of impairment an individual suffers from the influence of alcohol.
For these reasons, I dissent from the majority opinion. I would reverse the judgment of the District Court.
JUSTICES GRAY and HUNT join in the foregoing dissent.