No. 01-499

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 160

STATE OF MONTANA

        Plaintiff/Respondent,

   v.

JAMES ANDREW McNALLY

        Defendant/Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                     In and for the County of Ravalli,
                     The Honorable Jeffrey J. Langton, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        William E. Fulbright, Mansch & McLaverty, Hamilton, Montana

        For Respondent:

        Mike McGrath, Attorney General, C. Mark Fowler, Assistant Attorney
      General, Helena, Montana; George H. Corn, Ravalli County Attorney,
  Hamilton, Montana

                           Submitted on Briefs: January 17, 2002

                              Decided:  July 16, 2002

Filed:

_____
                      Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 James Andrew McNally (McNally) was charged in the Twenty-First Judicial District Court with Driving Under the Influence (DUI), fourth or subsequent offense, a felony, to which he plead no contest. Prior to sentencing, McNally sought to reduce the charge from a felony to a misdemeanor, by arguing that his prior convictions in Colorado for driving while impaired did not constitute previous convictions under a similar statute for the purposes of determining the number of prior DUI convictions under Montana law. The District Court concluded that Colorado's law was substantially similar to Montana's DUI statute, and accordingly sentenced McNally for a fourth DUI, a felony. McNally appeals the District Court's ruling. We reverse.

¶2 The dispositive issue presented is whether McNally's prior convictions under Colorado's "Driving While Ability Impaired" provision qualified as DUI convictions when sentencing McNally for Felony DUI under Montana's DUI statutes.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On September 1, 2000, McNally was charged by Information with Count I, DUI, fourth or subsequent offense, a felony, and Count II, Driving While License Suspended or Revoked, a misdemeanor. On February 12, 2001, the parties reached an agreement, whereby McNally agreed to plead no contest to Count I, while still reserving the right to file a motion to reduce the charge to a misdemeanor, and the State dismissed Count II. Prior to sentencing, McNally filed a sentencing brief, arguing that his prior convictions in Colorado for "Driving

2

While Ability Impaired" (DWAI) did not constitute previous convictions under a similar statute for the purposes of enhancing Count I to Felony DUI under § 61-8-734, MCA, and thus asserted he could be sentenced only for a first offense DUI, a misdemeanor. It was undisputed that McNally had four previous convictions under Colorado's DWAI statute.

¶4 The District Court conducted McNally's sentencing hearing on April 4, 2001. After hearing arguments from both parties on McNally's motion and reviewing the Colorado and Montana DUI statutes, the District Court concluded that Colorado's impairment statute was substantially similar to Montana's DUI statute, and denied McNally's motion to reduce the charge from a felony to a misdemeanor. The District Court sentenced McNally to the Department of Corrections for a term of thirteen months, followed by four years of formal probation. McNally appeals from the District Court's oral Judgment on April 4, 2001, and the District Court's final Judgment and Commitment entered on April 25, 2001.

## STANDARD OF REVIEW

¶5 When this Court reviews a district court's conclusions of law regarding the application of a statute, our standard of review is "whether the tribunal's interpretation of the law is correct." *State v. Peplow*, 2001 MT 253, ¶ 17, 307 Mont. 172, ¶ 17, 36 P.3d 922, ¶ 17 (citing *State v. Henning* (1993), 258 Mont. 488, 490-91, 853 P.2d 1223, 1225). *See also*, *State v. Anderson*, 2001 MT 188, ¶ 19, 306 Mont. 243, ¶ 19, 32 P.3d 750, ¶ 19 (when reviewing a district court's conclusions of law, our standard of review is plenary and we must determine whether the district court's conclusions are correct as a matter of law).

## DISCUSSION

3

¶6    Did McNally's prior convictions under Colorado's "Driving While Ability Impaired"

provision qualify as DUI convictions when sentencing McNally for Felony DUI under

Montana's DUI statutes?

¶7    In Montana, offenses related to driving under the influence of alcohol or drugs are

generally charged under either § 61-8-401, MCA (DUI), or § 61-8-406, MCA (DUI *per se*).

Section 61-8-401, MCA provides:

> (1) It is unlawful and punishable, as provided in 61-8-442, 61-8-714, and 61-8-731 through 61-8-734, for a person who is under the influence of:
> (a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public;
> (b) a dangerous drug to drive or be in actual physical control of a vehicle within this state;
> (c) any other drug to drive or be in actual physical control of a vehicle within this state; or
> (d) alcohol and any dangerous or other drug to drive or be in actual physical control of a vehicle within this state.
> . . .
> (3) "Under the influence" means that as a result of taking into the body alcohol, drugs, or any combination of alcohol and drugs, a person's ability to safely operate a vehicle has been diminished.
>
> (4) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person driving or in actual physical control of a vehicle while under the influence of alcohol, the concentration of alcohol in the person at the time of a test, as shown by analysis of a sample of the person's blood or breath drawn or taken within a reasonable time after the alleged act, gives rise to the following inferences:
> (a) If there was at that time an alcohol concentration of 0.04 or less, it may be inferred that the person was not under the influence of alcohol.
> (b) If there was at that time an alcohol concentration in excess of 0.04 but less than 0.10, that fact may not give rise to any inference that the person was or was not under the influence of alcohol, but the fact may be considered with other competent evidence in determining the guilt or innocence of the person.

4

(c) If there was at that time an alcohol concentration of 0.10 or more, it may be inferred that the person was under the influence of alcohol. The inference is rebuttable.

(5) The provisions of subsection (4) do not limit the introduction of any other competent evidence bearing upon the issue of whether the person was under the influence of alcohol, drugs, or a combination of alcohol and drugs. . . . .

In addition to § 61-8-401, MCA, Montana also sets out a DUI *per se* provision, which makes it unlawful to drive or be in actual physical control of a noncommercial vehicle if a person's blood alcohol concentration (BAC) is 0.10 or more. Section 61-8-406(1)(a), MCA.

¶8 Montana's DUI *per se* provision is similar to Colorado's. *See* Colo. Rev. Stat. § 42-4-1301(2)(a) (it is unlawful to drive any vehicle if person's BAC is 0.10 or more at the time of driving or within two hours after driving). However, Colorado law defines DUI differently than Montana does, and significantly, also provides for a DWAI ("Driving While Ability Impaired") violation, which finds no counterpart in Montana law. *See* Colo. Rev. Stat. § 42-4-1301(1).[1]

¶9 Under Colorado's DUI statute, "[i]t is a misdemeanor for any person who is under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more

---

[1]Although both Colorado and Montana have DUI provisions specific to under-age drinkers (including minors) and commercial drivers, nothing in the record indicates McNally was convicted under those types of provisions. Accordingly, we will address only those provisions concerning adult, noncommercial, drivers.

5

drugs, to drive any vehicle in this state." Colo. Rev. Stat. § 42-4-1301(1)(a). Colorado law

defines "driving under the influence" as:

> driving a vehicle when a person has consumed alcohol or one or more drugs,
> or a combination of alcohol and one or more drugs, which alcohol alone, or
> one or more drugs alone, or alcohol combined with one or more drugs affects
> the person to a degree that the person is *substantially incapable*, either
> mentally or physically, or both mentally and physically, to exercise clear
> judgment, sufficient physical control, or due care in the safe operation of a
> vehicle.

Colo. Rev. Stat. § 42-4-1301(1)(f) (emphasis added).

¶10    Colorado law also provides a third DUI-related offense, DWAI. In Colorado, "[i]t is a

misdemeanor for any person who is impaired by alcohol or by one or more drugs, or by a

combination of alcohol and one or more drugs, to drive any vehicle in this state." Colo. Rev.

Stat. § 42-4-1301(1)(b). "Driving while ability impaired" means:

> driving a vehicle when a person has consumed alcohol or one or more drugs,
> or a combination of both alcohol and one or more drugs, which alcohol alone,
> or one or more drugs alone, or alcohol combined with one or more drugs,
> affects the person to the *slightest degree* so that the person is less able than the
> person ordinarily would have been, either mentally or physically, or both
> mentally and physically, to exercise clear judgment, sufficient physical
> control, or due care in the safe operation of a vehicle.

Colo. Rev. Stat. § 42-4-1301(1)(g) (emphasis added).

¶11    When sentencing McNally in the instant action for a felony in violation of § 61-8-

401, MCA, the District Court relied upon McNally's four prior DWAI convictions in

Colorado. Under Montana law, a person is guilty of a felony on the fourth or subsequent

conviction for violating either § 61-8-401, MCA, or § 61-8-406, MCA. Section 61-8-731(1)

MCA. When calculating the number of prior convictions for sentencing purposes, a prior

6

DUI conviction includes "conviction for a violation of a similar statute or regulation in another state." Section 61-8-734(1)(a), MCA. Therefore, we must determine if the District Court correctly concluded that Colorado's DWAI was "similar" to Montana's DUI provision.

¶12 A parallel issue was considered in *State v. Montanye* (1993), 262 Mont. 258, 864 P.2d 1234, where Montanye challenged Montana's six month suspension of his driver's license following notification that he had been convicted of DWAI in New York. Montanye argued that New York's provision was not substantially similar to Montana's DUI statute, and thus Montana could not suspend his licence based on that conviction.[2] The majority in *Montanye* noted that both states' laws dealt with a driver's diminished ability to drive while under the influence of alcohol and both laws carried the potential for a fine, imprisonment, and loss of license. *Montanye*, 262 Mont. at 261, 864 P.2d at 1236. However, as is the case here, the significant difference between the two states' provisions was the standard under which a person could be convicted: New York's DWAI provision prohibited driving when alcohol "impaired" a person's ability to drive, while Montana's DUI provision prohibited operating a vehicle when a person's ability was "diminished."

---

[2]*Montanye* was decided under the Driver License Compact, which required us to determine if the New York DWAI offense was of a "substantially similar nature" to Montana's DUI provision. *See*, § 61-5-401, Article IV (3), MCA. Here, we are applying only § 61-8-734(1)(a), MCA, and therefore must determine if the Montana and Colorado statutes are "similar."

¶13     Unlike the Colorado laws which we construe here, New York's DUI statutes did not define "intoxication" or "impaired," so the majority in *Montanye* looked to New York case law for guidance.  Based on New York's common law definition of "intoxication" (consumption of enough alcohol so that a person's "physical and mental control are markedly diminished," or "that his judgment and ability to operate a motor vehicle are adversely affected to a substantial degree"), the majority deduced that under New York law, "driving while alcohol impaired" meant "the degree of impairment is somewhat less than markedly diminished," and concluded that New York's DWAI provision was substantially similar to Montana's DUI statute.  *Montanye*, 262 Mont. at 262 and 264, 864 P.2d at 1236 and 1238 (emphasis omitted).

¶14     In reaching this conclusion, however, the majority chose not to apply *City of Helena v. Davis* (1986), 222 Mont. 492, 723 P.2d 224, where we held it was error to instruct the jury that it could convict the defendant of DUI if his ability to drive had been "lessened in the slightest degree."  Although the "slightest degree" instruction had been approved in *State v. Cline* (1959), 135 Mont. 372, 339 P.2d 657, we noted that *Cline* was decided under DUI law from 1955, which, unlike the current DUI statutes, did not provide any limitations on the extent of influence required to support a DUI conviction (i.e., inferences of impairment based on BAC now found at § 61-8-401(4)(a)-(c), MCA[3]).  *Davis*, 222 Mont. at 496, 723 P.2d at

_____

[3]The "under the influence" inferences based on a person's BAC which are now found at § 61-8-401(4), MCA, were originally enacted in 1957 as "presumptions."  *See* 1957 Mont. Laws Ch. 194, Sec. 1 (amending 1955 Mont. Laws Ch. 263, Sec. 39).  However, in 1991 all references to "presumed" or "presumptions" were replaced with references to "inferred" or

226-27. We concluded in *Davis* that due to the addition of these presumptions, instructing the jury that a person was under the influence if his ability to drive had been "lessened in the slightest degree," was no longer a proper statement of Montana's DUI law. *Davis*, 222 Mont. at 497, 723 P.2d at 227.

¶15    In his dissent in *Montanye*, in which Justices Gray and Hunt joined, Justice Trieweiler contended that given our holding in *Davis*, the degree of impairment required to convict a person under New York's DWAI provision would not have been sufficient to convict a person under Montana's DUI statute, and thus concluded the two provisions were not substantially similar. *Montanye*, 262 Mont. at 266, 864 P.2d at 1239. Justice Trieweiler argued that our holding in *Davis* established that "any degree of impairment," was not sufficient to convict a person of DUI in Montana. *Montanye*, 262 Mont. at 267-68, 864 P.2d at 1239-40.

¶16    In response to the dissent, the majority maintained that the 1987 Amendments to § 61-8-401, MCA, undermined our holding in *Davis*, making it inapplicable, and noted that, "[i]n 1987, the legislature determined that 'under the influence' is not exclusively determined by the blood's alcoholic content . . . [n]ow 'under the influence' is defined by the diminution of a person's ability to drive a vehicle." *Montanye*, 262 Mont. at 258, 864 P.2d at 1237-38. Justice Trieweiler countered the majority's argument by noting that although "under the

"inferences." *See* 1991 Mont. Laws Ch. 789, Sec. 1. For clarity, references to this provision will continue to use the term presumption(s).

9

influence" was defined separately after 1987, the presence or absence of such a definition was not the basis on which *Davis* was decided. *Montanye*, 262 Mont. at 267-68, 864 P.2d at 1240.

¶17 Having revisited *Montanye* and *Davis*, and for the reasons set forth below, we disagree that the 1987 Amendments stripped *Davis* of any precedential significance, and conclude that our holding in *Davis* has significance not only for the issue presented in *Montanye*, but also in the instant action.

¶18 Prior to 1987, § 61-8-401, MCA, did not include a definition of "under the influence." At that time, § 61-8-401, MCA (1985), provided in relevant part:

> (1) It is unlawful and punishable as provided in 61-8-714 for any person who is under the influence of:
> (a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public;
> (b) a narcotic drug to drive or be in actual physical control of a vehicle within this state;
> (c) any other drug to a degree which renders him incapable of safely driving a vehicle to drive or be in actual physical control of a vehicle within this state; or
> (d) alcohol and any drug to a degree that renders him incapable of safely driving a vehicle to drive or be in actual physical control of a vehicle within this state.
> . . . .

In 1987, the Legislature amended § 61-8-401, MCA, by striking "to a degree which (that) renders him incapable of safely driving a vehicle," from subsections (1)(c) and (1)(d), and adding subsection (3), which provided that " '[u]nder the influence' means that as a result of taking into the body alcohol, drugs, or any combination thereof, a person's ability to safely operate a motor vehicle has been diminished." *See* 1987 Mont. Laws Ch. 612, Sec. 1.

10

¶19    When interpreting statutes, this Court's only function is to give effect to the intent of the Legislature. *Carlson v. City of Bozeman*, 2001 MT 46, ¶ 15, 304 Mont. 277, ¶ 15, 20 P.3d 792, ¶ 15 (citing *Albright v. State, by and through State* (1997), 281 Mont. 196, 206, 933 P.2d 815, 821). While legislative intent must first be determined from the plain meaning of the words in the statute, where the plain meaning of a statute is subject to more than one reasonable interpretation, we will examine the legislative history to discern intent. *Carslon*, ¶ 15 (citations omitted). Moreover, in determining legislative intent, this Court will construe criminal statutes "with a view to effect their object and promote justice." *State v. Goebel*, 2001 MT 73, ¶ 17, 305 Mont. 53, ¶ 17, 31 P.3d 335, ¶ 17 (citing *City of Missoula v. Gillispie,* 1999 MT 268, ¶ 25, 296 Mont. 444, ¶ 25, 989 P.2d 401, ¶ 25). It is apparent from a review of *Montanye* that the Court did not consider the legislative history underlying the 1987 Amendments in reaching its opinion. We find that history significant, and therefore analyze it here.

¶20    Section 61-8-401, MCA (1985), was amended in 1987 by House Bill 163 (HB 163), sponsored by Representative Mercer. The original draft of HB 163 proposed that "under the influence," should mean that "as a result of taking into the body alcohol, drugs, or any combination thereof, a person's ability to safely operate a motor vehicle has been <u>lessened to the slightest degree</u>" (emphasis added). According to minutes from the first House Judiciary Committee meeting on January 20, 1987, the specific wording ("lessened to the slightest degree") was chosen in an attempt to return the law to the pre-*Davis* position (i.e., so as to allow use of jury instruction that allowed conviction if defendant's ability to drive was

11

"lessened by the slightest degree"). However, on February 10, 1987, Representative Mercer moved to amend HB 163 by striking "lessened to the slightest degree," and inserting "diminished" in its place. It was this version of HB 163 which the 1987 Legislature enacted. While the record is not clear as to the reason for the change, it is apparent that the "lessened to the slightest degree" standard for establishing whether someone is under the influence was specifically rejected by the 1987 Legislature. Thus, the Legislature recognized a distinction between the two degrees of impairment. That same distinction is important here.

¶21    We conclude that our holding in *Davis* was applicable to the issue presented in *Montanye*. In *Davis*, we held that a "slightest degree" instruction was not appropriate in light of the addition of the statutory provisions that allowed certain presumptions to be made concerning whether a person was under the influence of alcohol. Nothing in the 1987 Amendments altered the burden of proof required to establish that someone was under the influence; in fact, the Legislature specifically rejected the lower standard of "slightest degree." Therefore, our holding in *Davis* should have been considered and applied in *Montanye*, and accordingly we overrule *Montanye* at this time.

¶22    Returning to the instant case, we must compare the standards of culpability for DUI under Colorado law to the standard of culpability under Montana law. In Colorado, a person is "driving under the influence" if he or she is "substantially incapable" of safely operating a vehicle, while a person is "driving while impaired," if his or her ability to drive is affected to the "slightest degree." Montana law does not permit similar gradations of culpability. In Montana, a person simply may not be convicted for DUI if his or her ability is impaired "to

12

the slightest degree." Thus, we apply the *Davis* holding to the instant action and conclude that because Colorado's DWAI provision allows a person to be convicted under a lower standard than that required under Montana's DUI statute, McNally's prior convictions in Colorado do not constitute "conviction[s] for a violation of a similar statute . . . in another state," as required under § 61-8-734(1)(a), MCA, and therefore do not qualify as convictions for the purposes of enhancing McNally's DUI conviction to a felony.

¶23    Accordingly, we conclude it was error to enhance McNally's DUI conviction to a felony based on his convictions under Colorado's DWAI statute. We therefore reverse and remand for vacation of McNally's Felony DUI conviction, and for further proceedings not inconsistent with this Opinion.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE
/S/ JAMES C. NELSON