No. 04-817

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 316N

STATE OF MONTANA,

   Plaintiff and Respondent,

 v.

BRANDI LYNN HALEY,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Eighteenth Judicial District,
       In and for the County of Gallatin, Cause No. DC 04-206,
       The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

     Kirsten Mull Core, Kirsten Mull Core, P.C., Bozeman, Montana

   For Respondent:

     Hon. Mike McGrath, Attorney General; Pamela P. Collins,
     Assistant Attorney General, Helena, Montana

     Susan L. Wordal, Bozeman City Prosecutor, Bozeman, Montana

        Submitted on Briefs: June 29, 2005

          Decided: December 13, 2005

Filed:

          Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to § I, para. 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reporters.

¶2 Brandi Haley (Haley) appeals from a judgment of the Eighteenth Judicial District Court, Gallatin County, wherein the District Court affirmed the Municipal Court's denial of Haley's proposed jury instructions and her conviction for driving under the influence (DUI). We affirm.

¶3 The issues raised by Haley on appeal are whether the Municipal Court erred, and the District Court erred in affirming, by (1) not giving a jury instruction that more than the slightest degree of impairment is required to convict a person of Driving Under the Influence, and (2) not instructing the jury regarding inferences that may arise when there is alcohol in a person's blood stream. We review jury instructions in a criminal case to see whether the instructions, as a whole, fully and fairly instructed the jury on the law applicable to the case and whether the court abused its discretion. *State v. Baker*, 2000 MT 307, ¶ 26, 302 Mont. 408, ¶ 26, 15 P.3d 379, ¶ 26.

¶4 The Court has determined to decide this case pursuant to § 1, para. 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit.

¶5 Haley was convicted, by a jury, of Driving Under the Influence of Alcohol or Drugs as defined in § 61-8-401, MCA. The statute defines "under the influence," in part, as when

2

"a person's ability to safely operate a vehicle has been diminished." Section 61-8-401(3)(a), MCA. The jury was instructed as to this definition.

¶6     Haley argues that the Municipal Court erred by failing to further instruct the jury that the defendant's ability to drive safely had to be "diminished to more than a slight degree." To support such argument Haley cites *State v. McNally*, 2002 MT 160, 310 Mont. 396, 50 P.3d 1080. In *McNally*, we concluded that a Colorado statute creating the offence of "driving while impaired," which contained the phrase "to the slightest degree" in defining impairment, was a lesser standard than that contained in § 61-8-401(3)(a), MCA. *McNally*, ¶ 22. Thus, we held that a conviction under the Colorado statute would not qualify as a prior conviction for purposes of sentence enhancement here in Montana. *McNally*, ¶ 22. However, in *McNally* we did not interpret § 61-8-401, MCA, to require that a Montana jury be instructed that a person's ability to drive must be diminished by more than the slightest degree. We decline to add a provision to § 61-8-401, MCA, not enacted by the Legislature.

¶7     Haley also argues that the Municipal Court erred in not instructing the jury as to inferences that arise from various blood alcohol tests. However, Haley exercised her right to refuse to take the breath test and thus there were no test results indicating blood alcohol content for the jury to consider. The statutory inferences concerning blood alcohol content are not relevant under the circumstances of this case.

¶8     Affirmed.

/S/ JOHN WARNER

We Concur:

3

/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS