FILED

03/25/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0134

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0134

BARRY ALAN SCHILLING,

Petitioner,

v.

LYNN GUYER, Warden,
Montana State Prison,

Respondent.

FILED

MAR 25 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R



Barry Alan Schilling represents himself in this petition for a writ of habeas corpus where he challenges a failure to expunge a 2016 conviction of criminal endangerment and his prior driving under the influence of alcohol (DUI) convictions from the State of Colorado.

On July 6, 2016, the Tenth Judicial District Court, Fergus County, held a dispositional and sentencing hearing for Schilling. The District Court initially advised Schilling of his rights under a plea agreement and about the Veterans Court in Cascade County.[1] Schilling entered a guilty plea to felony criminal endangerment, and the District Court imposed a suspended five-year sentence to the Department of Corrections (DOC). The District Court included this condition in its Sentencing Order:

> 20. The Defendant shall enter and successfully complete the Montana Eighth Judicial District Court, Cascade County Veterans Treatment Court.

Schilling completed Veterans Court in early 2018 and then reoffended. On November 14, 2018, the Eighth Judicial District Court, Cascade County, imposed a

---

[1] The Honorable Gregory R. Pinski presided over both of Schilling's criminal matters at issue here.

suspended three-year sentence to the DOC for felony DUI and awarded 204 days of credit for time served.

In his petition, Schilling raises two main issues. First, Schilling contends that his criminal endangerment conviction was expunged when he completed Veterans Treatment Court in Cascade County and points to Exhibit B, attached to his petition. He adds that he has a liberty interest in parole because of the "contract" expunging his conviction. He further argues that his DUI sentence is invalid because it is was enhanced improperly in part due to three prior DWAI (driving while ability impaired) convictions from Colorado. He refers to a 2002 Montana Supreme Court case, providing that "because Colorado's DWAI provision allows a person to be convicted under a lower standard than that required under Montana's DUI statute, McNally's prior convictions in Colorado do not constitute 'convictions for a violation of a similar statute . . . in another state,' as required under § 61-8-734(1)(a), MCA, and therefore do not qualify as convictions for the purpose of enhancing McNally's DUI conviction to a felony." *State v. McNally*, 2002 MT 160, ¶ 22, 310 Mont. 396, 50 P.3d 1080. Schilling requests release from prison because of the DUI enhancement and his terminal liver cancer.

Upon review of his attachments, Schilling has misinterpreted their meaning. There was no failure to expunge his criminal endangerment conviction. Exhibit A is the DOC's Initial Classification Instrument for placement at Montana State Prison, dated August20, 2019. This document lists Schilling's most serious current conviction as criminal endangerment with a five-year suspended sentence. It also lists his 2018 DUI. Exhibit B is an Order from the Fergus County District Court addressing his 2016 criminal endangerment case. Schilling misunderstands the effect of the District Court's Order. On February 27, 2018, the Fergus County District Court issued an Order Discharging Probation because Schilling successfully completed the Eighth Judicial District Veterans' Court. The Order's effect was to discharge Schilling from completing his probationary time in his Fergus County criminal case (Cause No. DC-2016-25). His criminal endangerment conviction was not expunged, and thus, this offense would still appear in his record, as demonstrated in the Initial Classification Instrument or Exhibit A.

2

"Parole . . . is a discretionary grant of freedom from incarceration." *McDermott v. McDonald*, 2001 MT 89, ¶ 24, 305 Mont. 166, 24 P.3d 200. The Board of Pardons and Parole may consider many factors when deciding to grant nonmedical parole. Section 46-23-208(4), MCA. It is not clear whether Schilling has sought medical parole for his liver cancer. Section 46-23-210, MCA. We point out, however, that Schilling has no liberty interest in parole, as he asserts. Such a liberty interest applies to crimes committed before 1989. *McDermott*, ¶ 8.

Lastly, Schilling's challenges concerning the validity of his prior convictions must be brought in a direct appeal. *See State v. Lund*, 2020 MT 53, ¶¶ 1, 14, ___ Mont. ___, ___ P.3d ___. Schilling did not appeal and has exhausted this remedy, thereby foreclosing any collateral attack to his 2018 DUI conviction or sentence. Section 46-22-101(2), MCA.

Schilling has not demonstrated that he is entitled to parole or habeas corpus relief. He has not demonstrated that he is illegally incarcerated. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Schilling's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Barry Alan Schilling personally.

DATED this 24th day of March, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

3